SARAH M. WARNER, Respondent, *v.* THE PRESS PUBLISHING COMPANY, Appellant.

While ordinarily in an action of libel, the question whether the publication complained of was privileged, is one of law for the court, where the facts upon which defendant bases the claim of privilege are disputed by plaintiff, it is for the jury to determine as to the existence of these facts.

An imputation of malice arises from proof in an action of libel that the libelous publication is false, and when testimony is given on the part of defendant tending to prove the absence of actual malice, the question as to whether malice existed is one of fact, and if found to exist, the jury in their discretion may award exemplary damages.

A libel recklessly or carelessly published, as well as one induced by personal ill will, will support an award of exemplary damages.

In such an action, based upon an article in a newspaper published by defendant, accusing the plaintiff, a married woman, of unchastity, plaintiff's evidence showed the article to be false. Defendant gave evidence tending to prove the absence of actual malice on its part. The court was requested by defendant to charge that if the jury found it was not actuated by actual malice against plaintiff, they cannot award any damages for injured feelings or mental or bodily suffering; this was refused. *Held*, no error.

The libelous article suggested improper relations between plaintiff and one S. The husband of plaintiff was called as a witness by defendant, and asked if he had had any dispute or conversation with his wife in relation to S. This was objected to and excluded as incompetent under the provision of the Code of Criminal Procedure (§ 831), prohibiting a husband or wife from disclosing, without the consent of the other, a confidential communication made by one to the other. *Held*, no error.

(Argued January 29, 1892; decided March 15, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made February 3, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This was an action for libel.

The facts, so far as material, are stated in the opinion.

*Joseph M. Keatinge* for appellant. The jury were not properly instructed on the question of damages. The court erred in refusing to charge the jury that in the absence of actual malice on the part of the defendant they could not award

damages for injured feelings, or mental or bodily suffering. (Townshend on Libel, § 201; *Fry* v. *Bennett*, 4 Duer, 257; *Brooks* v. *Harrison*, 91 N. Y. 91; *Bixby* v. *Dunlap*, 56 N. H. 456.) The court erred in excluding the evidence of the witness Warner to the effect that Smith, the writer of the letters which were in evidence in the case, had been the subject of conversation between Warner and the plaintiff. (Code Civ. Pro. § 831; *Fowler* v. *Fowler*, 19 Civ. Pro. Rep. 282; *Parkhurst* v. *Berdell*, 110 N. Y. 393.)

*A. W. Gleason* for respondent. Whether the report, if true, is privileged, is a question of law for the court, but whether the report was true and fair is a question of fact for the jury. (*Hamilton* v. *Eno*, 81 N. Y. 116; *Thomas* v. *Crosswell*, 7 Johns. 264; *Lovell Co.* v. *Houghton*, 116 N. Y. 525.) Charging substantially is sufficient. Court is not bound to adopt particular form presented. (*Allen* v. *Stock*, 51 N. Y. 668; *Conley* v. *Meeker*, 85 id. 618; *Holbrook* v. *U. & S. R. R. Co.*, 12 id. 236; *Abenheim* v. *Samuel*, 1 N. Y. Supp. 868.) The court is not bound to charge, upon request, how the jury shall find, if they find one way or the other as to particular facts. (*Rexter* v. *Starin*, 73 N. Y. 601; *Chapman* v. *E. R. Co.*, 55 id. 579; *Dolan* v. *D. & H. C. Co.*, 71 id. 285.) In an action for libel the jury may award exemplary damages for wounded feelings. (*Hamilton* v. *Eno*, 16 Hun, 599; 81 N. Y. 116; *Brooks* v. *Harrison*, 91 id. 83; *Littlejohn* v. *Greeley*, 13 Abb. Pr. 41; *King* v. *Root*, 4 Wend. 114; *Holmes* v. *Jones*, 121 N. Y. 461.) Special damages in the future cannot be proved and are disallowed. In actions *per se* the prohibition does not apply. (*Halstead* v. *Nelson*, 24 Hun, 400.) Malice does not mean ill will in libel suits; it is an implication of law from the false and injurious nature of the charge. (*King* v. *Root*, 4 Wend. 114; *Hamilton* v. *Eno*, 81 N. Y. 116; *Benjamin* v. *Jones*, 94 id. 51; *Moore* v. *M. N. Bank*, 123 id. 420; *Moore* v. *Francis*, 121 id. 199.) Plaintiff's requests were properly charged. (Code Civ. Pro. §§ 1907, 1908; Laws of 1871, chap. 219.) The context of

charge must be properly considered as a whole. (*Caldwell* v. *N. J. S. Co.*, 47 N. Y. 282; *Rexter* v. *Starin*, 73 id. 601; *Moody* v. *Osgood*, 54 id. 488; *Morehouse* v. *Yeager*, 71 N. Y. 584; *Fitzgerald* v. *L. I. R. R. Co.*, 3 N. Y. Supp. 230; *De Wolf* v. *Williams*, 69 N. Y. 621; *Dunn* v. *Hornbeck*, 72 id. 80; *Koster* v. *Noonan*, 8 Daly, 231.) The damages awarded were not excessive. The exclusion of what Mr. Warner said to a reporter affecting his belief was not error. It was not a part of the judicial proceeding and was inadmissible. (*King* v. *Root*, 4 Wend. 114; Code Civ. Pro. § 831; *Parkhurst* v. *Berdell*, 110 N. Y. 386.)

Parker, J. The judgment under review awards to the plaintiff damages against the defendant for publishing in the New York "World" what purported to be a brief report of a judicial proceeding which contained matter imputing unchastity to her.

The defenses sought to be interposed were:

1. That the publication was privileged because a fair and true report of a proceeding in court.

2. That it was true.

Ordinarily, whether a publication is privileged is a question of law for the court, but in this case the evidence presented by the plaintiff was to the effect that the matters in the publication of which complaint is made were neither introduced in evidence nor presented in court for such a purpose, and, therefore, formed no part of the hearing which the defendant pretended to report.

The defendant sought to show the contrary, and thus the case was brought within the rule that where the facts upon which the defendant bases a claim of privilege are challenged by the plaintiff, it then becomes the duty of the court to submit to the determination of the jury whether there exists the facts upon which the privilege was sought to be founded. (*Lovell Co.* v. *Houghton*, 116 N. Y. 525.)

This was properly done, and as one result of the verdict, it must be deemed established that the objectionable publication was not privileged.

An effort was also made on the part of the defendant to prove that the matter contained in the report was true.

This attempt was met by the testimony of the plaintiff asserting its falsity, and whether true or false, was one of the questions properly submitted to the jury, who by their verdict have settled that feature of the controversy favorably to the contention of the plaintiff.

But the appellant now insists that the court erred in refusing to charge the following request: " If the jury find that the defendant was not actuated by actual malice against the plaintiff, they cannot award any damages to her for injured feelings, or mental or bodily suffering."

It asserts that in the absence of actual malice, injury to feelings, or mental or bodily suffering are not elements of compensatory damages, but of exemplary damages; therefore, the request called for less than was the defendant's right.

This contention we regard as not well founded. From the standpoint at which we are required to view the case it appears that the defendant published of and concerning the plaintiff matters imputing unchastity to her; that it was not privileged and was false.

The plaintiff gave evidence of malice when she proved the falsity of the libelous publication, and in the absence of evidence on the part of the defendant tending to show that it had neither the desire nor the intention to wrong her, it would have been the duty of the court to instruct the jury that the plaintiff might be awarded exemplary damages in their discretion.

But testimony was adduced on the part of the defendant, tending to prove the absence of actual malice on its part towards the plaintiff, which taken in connection with the evidence of malice which the law imputed when the falsity of the libel was established, presented a question of fact whether malice existed in the publication. If found to exist, then, in their discretion, the jury could award exemplary damages. (*Samuels* v. *Evening Mail*, 75 N. Y. 604; 9 Hun, 288; *Bergmann* v. *Jones*, 94 N. Y. 51–61.)

It is apparent, therefore, that the request was too broad, for had it been charged, it would have deprived plaintiff of her right to have that malice which the law imputed to the false publication, weighed by the jury, in connection with the testimony on the part of the defendant, to the effect that no ill will was entertained towards the plaintiff nor the publication prompted by malice, in determining whether there existed such malice as would justify exemplary damages.

A libel recklessly or carelessly published, as well as one induced by personal ill will, will support an award of punitive damages. (*Holmes* v. *Jones*, 121 N. Y. 461.)

Our attention is called to but one other exception. The libelous article suggests improper relations between the plaintiff and one Smith, evidenced by letters from Smith to her. She denied not only the charge, but all knowledge of the letters. The defendant asserted the truth of the charges and insinuations contained in the article, and in support of its contention called the husband of the plaintiff, to whom the following questions were propounded:

" Q. Had you any dispute with Mrs. Warner at any time about Smith? Q. Had you any conversation with Mrs. Warner, your wife, at any time in relation to a man by the name of Frank Smith or F. Sidney Smith?"

Objection was made that the evidence was incompetent, under section 831 of the Code of Civil Procedure, which provides that "a husband and wife shall not be compelled, or, without the consent of the other, if living, allowed to disclose a confidential communication made by one to the other during marriage."

The evidence offered could have no purpose useful to the defendant unless it tended to show that during such a conversation with her husband she said or did, or omitted to say or do something, from which it might be inferred that there existed an unlawful intimacy between her and Smith.

A conversation on such a subject between husband and wife seems to us to be clearly within the protection of the statute.

The appellant calls our attention to the decision in *Park-*

*hurst* v. *Berdell* (110 N. Y. 386–393), in which Judge EARL, in speaking for the court, said : " What are confidential communications within the meaning of the section ?   Clearly not all communications made between husband and wife when alone.   *   *   *   They are such communications as are expressly made confidential, or such as are of a confidential nature, or induced by the marital relations."

Clearly, the definition given does not exclude such a conversation as the defendant desired to prove from the protection of the statute.   Its nature was not only confidential, but it was apparently induced by the marital relation, for it cannot be conceived that such a topic would have been the subject of discussion but for the existence of such relation between the parties.

A further test by which to determine whether a communication is confidential is suggested by the learned judge in characterizing the nature of the conversations sought to be excluded in that case.   He said : " They were ordinary conversations relating to matters of business which there is no reason to suppose he would have been unwilling to hold in the presence of any person."

It cannot be supposed that both husband and wife would have been willing to discuss such a subject in the presence of other persons or would have consented to a repetition of the conversation by either party to it.   Its nature, and the relation of the parties, forbade the thought of its being told to others, and the law stamped it with that seal of confidence which the parties in such a situation would feel no occasion to exact.

The wisdom of the statute was never more apparent than in this case which exhibits a worthless husband in the attempted role of a destroyer of the good name of the mother of his children because she sought in the name of the law to compel him to contribute towards her support and that of his children.

The judgment should be affirmed.

All concur.

Judgment affirmed.