ALLIGER *v.* MAIL PRINTING ASS'N.

*(Supreme Court, General Term, First Department.* November 18, 1892.)

**1. LIBEL—RIGHTS OF NEWSPAPERS—INSTRUCTIONS.**

A request, in an action for libel, that the court charge that the law recognizes the duty of a newspaper to inform its readers of the current news of the day, and as a matter of fact no precaution can totally exclude libels, is properly refused, since the latter clause of the proposition is sufficiently erroneous to justify the exclusion of the whole request.

**2. SAME—EVIDENCE OF MALICE—DAMAGES—QUESTION FOR JURY.**

Plaintiff, in an action of libel, gives evidence of malice whenever he proves the falsity of the libel, and it becomes a question for the jury whether the malice is such as to call for exemplary damages; and that question cannot be taken from the jury because defendant gives evidence tending to show that there was in fact no actual malice.

**3. SAME—INTENT.**

A request to the effect that the jury is to consider the alleged publication of the alleged libel a second time in conjunction with a retraction contained in a conspicuous part of the same issue, and therefore they are to consider there was no malice intended or shown by the second publication, is properly refused, since the question of intent is for the jury to ascertain.

**4. SAME—EXEMPLARY DAMAGES.**

A libel recklessly or carelessly published, as well as one prompted by personal ill will, will support an award of exemplary damages.

**5. SAME—PROOF OF DAMAGE.**

A request to charge that plaintiff must satisfy the jury as to the extent of the damage to reputation actually suffered, and the jury must give no amount in excess of such damage, is properly refused, since plaintiff, in cases of libel, is not required to establish, item by item, the amount of damages which he has sustained.

Appeal from circuit court, New York county.

Action by Richard D. Alliger against the Mail Printing Association to recover damages for a libel printed in defendant's newspaper. On the trial plaintiff had a verdict for $8,000, and from the judgment entered thereon defendant appeals. Affirmed.

For decision on appeal from an order denying a motion for a new trial, on the ground of newly-discovered evidence, see 19 N. Y. Supp. 584.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*John Lindley,* for appellant. *Donohue, Newcombe & Cardozo,* (*B. H. Cardozo,* of counsel,) for respondent.

VAN BRUNT, P. J. There having been no order denying motion for new trial entered, or appeal therefrom, and it not appearing that the case contains the whole of the evidence, this appeal brings up only exceptions and questions of law. The learned counsel for the defendant has presented for our consideration certain errors claimed to have been committed upon the trial in reference to the refusal of the court to charge certain propositions. It will not be necessary to consider at length these propositions, because it is a well-established rule that, if a request contains any proposition that is not good at law, the whole request may be refused.

In the first request the court was asked to charge that the law recognizes the duty of a newspaper to inform its readers of the current news of the day, and as a matter of fact no precaution can totally exclude libels. The latter clause of this proposition was certainly sufficient to justify the exclusion of the whole request, because the court was not bound to charge anything of this kind.

The next request was that the function of a newspaper is to furnish information to its readers of current events, and, if the jury believes that it was the intention of the defendant simply to discharge the functions of a newspaper, the damages awarded should be only such as the plaintiff has actually suffered. The proposition is established by the case of *Samuels* v. *Association,* 75 N. Y. 604, 9 Hun, 294, that the plaintiff in an action of libel

gives evidence of malice whenever he proves the falsity of the libel. It becomes, then, a question for the jury whether the malice is of such a character as to call for exemplary or punitive damages; and that question is nòt to be taken away from the jury because the defendant gives evidence which tends to show that there was in fact no actual malice.

The court was correct in refusing the third request to charge. It assumes that the defendant, the moment the question was raised as to the truth of the libel, made a full and complete retraction of the whole thereof; whereas, the evidence showed that in the same issue that contained the retraction they repeated the libel.

The fourth request was to the effect that the jury is to consider the alleged publication of the alleged libel on the second day, in conjunction with the retraction contained in a conspicuous part of the same issue, and therefore they are to consider there was no malice intended or shown by the second publication, which last proposition clearly usurped the province of the jury.

The fifth proposition was that, unless the defendant was moved by actual malice, it was not a case for punitive or exemplary damages, and the jury could give such damages only as they thought the plaintiff had really borne. The rule laid down in *Warner* v. *Publishing Co.*, 132 N. Y. 181, 30 N. E. Rep. 393, is that a libel recklessly or carelessly published, as well as one prompted by personal ill will, will support an award of exemplary damages, showing that the request under consideration was properly refused.

The next request was that the plaintiff must satisfy the jury as to the extent of the damage to reputation actually suffered, and the jury must give no amount in excess of such damage. It does not require authorities to show the impropriety of such a request, in cases of this character. The plaintiff is not required to establish, item by item, the amount of damages which he has sustained.

These are the only points which seem to be raised, and the rulings of the court below seem to have been in harmony with the rules prevailing in the disposition of cases of this character.

The judgment should be affirmed, with costs. All concur.