BELLE I. WOODRICK, Appellant, *v.* WILLIAM WOODRICK, Respondent.

141   457
143   240

In an action for a limited divorce brought by the wife on the ground of alleged cruel and inhuman treatment, defendant in his answer denied the charges of the complaint, set up by way of counterclaim adultery on the part of plaintiff, and asked a judgment of absolute divorce. On the trial plaintiff, before resting, called the person with whom, in the answer, plaintiff was alleged to have committed adultery, who denied the same. On cross-examination he was asked and permitted to answer, under objection and exception, if he did not, at a time and place specified, admit to a person named that his relations with plaintiff were illicit;

this he denied. The person named was thereafter called as a witness by defendant, and was permitted to testify that the alleged co-respondent did make the admission. *Held*, no error.

Plaintiff set up in her complaint that defendant forbade her from visiting her parents. Defendant alleged that the reason plaintiff did not visit her mother was because they had a falling out. Defendant was permitted to testify, under objection and exception, to certain alleged communications of plaintiff's mother to him as to plaintiff's conduct with other men, which he testified he communicated to plaintiff. *Held*, that the evidence was competent.

Defendant offered and was permitted to give in evidence certain salacious verses alleged to be in plaintiff's handwriting, and to have been found in her writing desk. *Held*, no error.

Defendant, a sea captain, on return from a voyage, was met by a person who informed him of certain incriminating evidence against his wife. Defendant was permitted to testify that he proceeded at once to his house and informed plaintiff of the incident, and was permitted to testify to the interview in detail. This was objected to as incompetent under the provision of the Code of Civil Procedure (§ 831) declaring a husband or wife to be incompetent to testify against the other on trial of an action founded on an allegation of adultery, except to prove marriage or disprove the allegation of adultery. It was admitted as competent evidence on the issue as to cruel and inhuman treatment, the court stating to the jury that it was not admitted on the question of adultery. *Held*, no error.

(Argued February 8, 1894 ; decided February 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made August 20, 1892, which affirmed a judgment in favor of defendant entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Patrick Keady* for appellant. Plaintiff was entitled to judgment of separation on the evidence. (*Pollock* v. *Pollock*, 71 N. Y. 137 ; *Waltermire* v. *Waltermire*, 110 id. 183 ; *Kelly* v. *Kelly*, L. R. [2 P. & D.] 31, 32 ; *Bihin* v. *Bihin*, 17 Abb. Pr. 19 ; *Whispel* v. *Whispel*, 4 Barb. 217, 219 ; *Uhlman* v. *Uhlman*, 17 Abb. [N. C.] 238, 254 ; *Kennedy* v. *Kennedy*, 73 N. Y. 369 ; *Fowler* v. *Fowler*, 33 N. Y. S. R.

746; *De Meli* v. *De Meli*, 120 N. Y. 485.) The evidence is insufficient to support the finding that plaintiff committed adultery. There is no proof that she did. (*Pollock* v. *Pollock*, 71 N. Y. 173; *Moller* v. *Moller*, 115 id. 466; *Conger* v. *Conger*, 82 id. 603; *Beadleston* v. *Beadleston*, 2 N. Y. Supp. 809; *Pfeiffer* v. *Pfeiffer*, 9 id. 28; *Hart* v. *Hart*, 2 Edw. Ch. 207; *Donnelly* v. *Donnelly*, 63 How. Pr. 481; *Ferguson* v. *Ferguson*, 3 Sandf. 307; *Zorskowski* v. *Zorskowski*, 27 How. Pr. 37; *Myers* v. *Myers*, 41 Barb. 114.) Even if adultery had been committed, defendant condoned the act by cohabiting with plaintiff up to July 11, 1891. (Code Civ. Pro. § 1758; *Pitts* v. *Pitts*, 52 N. Y. 593; 6 Mass. 147.) It was error to allow defendant to testify against his wife on the question of adultery. (Code Civ. Pro. § 831; *De Meli* v. *De Meli*, 120 N. Y. 492; *Bailey* v. *Bailey*, 41 Hun, 424; *Irsch* v. *Irsch*, 12 Civ. Pro. Rep. 386; 110 N. Y. 386; *Dickinson* v. *Dickinson*, 63 Hun, 516.) Plaintiff's exceptions were well taken. (Code Civ. Pro. § 831; *De Meli* v. *De Meli*, 120 N. Y. 492; *Bailey* v. *Bailey*, 41 Hun, 424.)

*Henry A. Montfort* for respondent. Respondent was permitted to give certain statements in relation to his wife's intimacy with men during his absence at sea, made to him by her mother, which he afterward communicated to the appellant, and which led to the subsequent estrangement between her and her mother. This was admissible. (*Kennedy* v. *Kennedy*, 73 N. Y. 369.) The respondent was allowed to show, by his own testimony, what he did immediately after receiving information of plaintiff's relations with Phillips. This was competent upon the question of cruel treatment. (*De Meli* v. *De Meli*, 120 N. Y. 485.)

BARTLETT, J. This is an appeal from a judgment of the general term of the second department, affirming a judgment in favor of defendant for an absolute divorce, and from an order denying motion for a new trial.

The plaintiff sued for a limited divorce, alleging that

·defendant was guilty of cruel and inhuman treatment. The ·defendant denied the charges of the complaint, and set up by way of counterclaim the adultery of plaintiff and prayed for a judgment of absolute divorce.

The jury found against the plaintiff on her own cause of action, and also on the defendant's counterclaim.

It is now insisted on behalf of plaintiff that she was entitled to judgment of separation on the evidence; that the finding of the jury that she committed adultery is unsupported by evidence; and that there were errors of law on the ·trial that must lead to a reversal of the judgment. In view ·of the very serious consequences to the plaintiff following the affirmance of the judgment and the insistence of her counsel that finding her guilty of adultery was legal error, we have looked into the facts of this case with great care and are unable to say that either of the findings of ·the jury is unsupported by evidence. This case was properly submitted to the .jury and their verdict is conclusive on the questions of fact.

Passing to the alleged errors of law, we will consider those upon which the learned counsel for the appellant principally relies for the reversal of this judgment. At the trial the plaintiff's counsel pursued the rather unusual course before resting his case, of anticipating the° proofs of defendant to .support the cause of action set up in the counterclaim. The co-respondent was placed on the stand by plaintiff and denied the acts of criminal conversation alleged in defendant's counterclaim.

On cross-examination he was asked if he did not, on a certain occasion, admit to Robert Phillips that his relations with the plaintiff were illicit. The witness was allowed to answer :against the objection of plaintiff. The question was competent as laying the foundation for the collateral impeach-:ment of the witness. The defendant subsequently put Robert Phillips on the stand, to whom this admission was :alleged to have been made, and he testified it was made.

The plaintiff set up in the complaint that defendant pro-`hibited her from visiting her parents and from going into

society even among her neighbors. The defendant alleged that the reason the plaintiff did not visit her mother was they had a falling out between themselves. The defendant was allowed to testify, the plaintiff objecting, to certain alleged communications of plaintiff's mother to him concerning the conduct of plaintiff with other men which defendant communicated to plaintiff. This was competent evidence as showing great provocation for the use of violent language by defendant addressed to his wife; it also tended to disprove the charge that defendant had separated the mother from her daughter. It is true the mother denied, on the stand, the conversation testified to by defendant, but all this evidence was clearly competent and was properly submitted to the jury on the issue of cruel and inhuman treatment. (*Kennedy* v. *Kennedy*, 73 N. Y. 369.)

The next exception refers to the admission in evidence of defendant's exhibit No. 2, being certain salacious verses, alleged to have been in the handwriting of plaintiff and found in her private writing desk by defendant. We think this exhibit was properly admitted, and that the evidence as to its discovery, and as to its being in plaintiff's handwriting, was sufficient to go to the jury.

The next exception was strenuously urged upon our attention on the argument. The defendant, a sea captain, on returning from a voyage, was met on board his vessel at the wharf by Robert Phillips, a cousin of the co-respondent, and informed of certain incriminating evidence against his wife. Defendant was allowed, notwithstanding plaintiff's objection, to testify that he proceeded at once to his house and informed his wife of the incident; he was permitted to state to the jury the interview in detail. The plaintiff's counsel insists this evidence was received in violation of section 831 of the Code of Civil Procedure, which provides that a husband or a wife is not competent to testify against the other upon the trial of an action founded upon an allegation of adultery, except to prove the marriage or disprove the allegation of adultery.

We think this evidence was competent on the issue of cruel and inhuman treatment, and the trial judge properly admitted it, stating as he did to the jury that it was not admitted as bearing on the question of adultery. It is urged that this testimony was calculated to greatly prejudice the plaintiff in the minds of the jury. Where the issues in a case like the one at bar are tried together, this difficulty seems to be inherent. Testimony competent on either issue must be admitted. (*De Meli* v. *De Meli*, 120 N. Y. 485.) A separate trial of the issues would enable parties to limit evidence to its legitimate scope. A further answer to the exception under consideration is that plaintiff was not prejudiced by this evidence, as defendant subsequently put Robert Phillips on the stand, and he swore to the incriminating facts communicated to the defendant on his ship, the plaintiff's counsel withdrawing his objection to the testimony.

The plaintiff excepts to the finding of the jury that defendant had not condoned plaintiff's offense. There was sufficient evidence to submit to the jury on this point, and their answer to this question is conclusive. We have examined the other exceptions in the record, and are of opinion that none of them is tenable.

The judgment and order should be affirmed, with costs.

All concur.

Judgment and order affirmed.