CLEMENT J. WEBER, Respondent, *v.* EDWARD H. BUTLER, Appellant.

*When punitive damages may be given in an action for libel — what is not an excessive verdict.*

Upon the trial of an action brought to recover the damages resulting from an alleged libel, it was shown that the defendant published in his newspaper an article, in itself libelous, which charged the plaintiff with having been guilty of the crime of bigamy.

The article was written by a reporter, who obtained the information in respect to the matter from the motion papers in an action for divorce filed in a county

clerk's office. The name of the defendant in that action was the same as the name of the plaintiff in the action for libel, but if the reporter had examined the motion papers with care, he would have discovered that the defendant in the divorce action was not the same person as the plaintiff in the action brought to recover damages for the libel.

*Held*, that the jury was justified in finding from the evidence that, under the circumstances disclosed, it was a careless and reckless act to publish the article, and if they so found, they were at liberty to award the plaintiff punitive damages.

The verdict of a jury for $800 in favor of the plaintiff, in an action brought to recover damages for a libel, is not so excessive as to justify the appellate court in disturbing the same when the defendant published in its newspaper, having a daily circulation of over 50,000 copies, a libelous article charging the plaintiff with having been guilty of the crime of bigamy, and where several hundred copies of such newspaper containing such article were circulated in the village in which the plaintiff resided with his wife and children, and in which he was at the time engaged in the business of a dry goods merchant.

APPEAL by the defendant, Edward H. Butler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orleans on the 21st day of February, 1894, upon the verdict of a jury rendered after a trial at the Orleans Circuit, and also from an order entered in said clerk's office on the 20th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review on such appeal said judgment and order.

*Irving Browne* and *Adelbert Moot*, for the appellant.

*Filkins & Cox*, for the respondent.

LEWIS, J. :

This is an action of libel brought by the plaintiff, a resident of the village of Medina, Orleans county, against the defendant as the proprietor and publisher of the Buffalo *Evening News*, a daily newspaper published in the city of Buffalo, for publishing in said paper an article which charged the plaintiff with having been guilty of the crime of bigamy.

The article was concededly libelous, and it was unquestionably published of and concerning the plaintiff; the reporter for the paper who wrote the article and caused it to be published so testified, and an article subsequently published by the defendant in the paper, in substance, so stated.

An action had theretofore been commenced in the Supreme Court, county of Erie, by a Mrs. Louisa Weber against Clem Weber, to annul a marriage between the parties on the ground that, at the time of their said marriage, the defendant had a wife, who was then living, and which prior marriage was, at the time, in full force.

A motion had been made in the divorce action, founded upon the pleadings in said action and affidavits, for a commission to take the testimony of a foreign witness, and the papers were on file in the clerk's office.

The defendant's reporter, learning of said motion, examined said motion papers sufficiently to ascertain the nature of the action and that the defendant's name was Clem Weber, and he having known the plaintiff when he was a resident of Buffalo, and knowing him by the name of Clem Weber, he assumed that the defendant in the divorce action and the plaintiff were one and the same person, and he wrote and caused to be published the libelous article.

Had he examined the motion papers with the care which the gravity of the charge made against the plaintiff in the article demanded, he would have easily discovered that the defendant in the divorce action was not the plaintiff; he would have learned from the papers that the parties to the divorce action were married at Sacketts Harbor, New York, in the year 1889, and resided there till 1891, when the defendant abandoned the plaintiff and left the State, and had never returned thereto to live; had he read the papers with any care he would not have fallen into the error he did.

The jury were justified in finding from the evidence that it was a careless and reckless act to publish the article under the circumstances disclosed, and if they so found they were at liberty to award punitive damages. (*Holmes* v. *Jones*, 121 N. Y. 461; *Warner* v. *P. P. Co.*, 132 id. 181.)

This case is distinguishable from the case of *Hanson* v. *Globe Newspaper Co.* (159 Mass. 293), to which our attention is called in the appellant's brief; in that case the trial court found that the article complained of was not published of or concerning the plaintiff, neither did it find that the publisher was guilty of carelessness or negligence in publishing the article; not so here.

We do not think the verdict in this case of $800 was so excessive

as to justify us in disturbing it. The defendant's paper had, at the time the article was published, a daily circulation of over 50,000 copies; several hundred copies were circulated in the village where the plaintiff resided with his family, consisting of a wife and children, and where he was engaged at the time in the business of a dry goods merchant. We do not find, after a careful examination of the case and the exceptions of the defendant, any good ground for disturbing the verdict.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.