(62 App. Div. 521.)

### MILLSPAUGH v. POTTER.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

1. EVIDENCE—CONFIDENTIAL COMMUNICATION—HUSBAND AND WIFE.
    In an action for the alienation of a wife's affections, plaintiff's wife could testify as to the plaintiff having used abusive language, having made unfounded charges of adultery, and having unreasonably reprimanded her, as tending to show that the alienation was not wholly due to defendant's conduct, since such statements are not confidential communications and incompetent, within Code Civ. Proc. § 831.

2. SAME.
    Plaintiff's wife could testify as to her reason for refusing to live with the plaintiff, since the state of her affections at the time of the trial was a material fact on the question of damage.

Appeal from trial term, Delaware county.

Action by Isaac Millspaugh against Charles O. Potter. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

In the complaint the defendant is charged with alienating the affections of plaintiff's wife and enticing her from him. In the answer is contained a general denial and a partial defense, to wit, that the affections of plaintiff's wife were alienated by the plaintiff's own abuse and maltreatment. The jury rendered a verdict for the plaintiff for $1,000 damages. From the judgment entered upon this verdict, and from the order denying a motion for a new trial, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Robert T. Johnson, for appellant.

Marvin & Hanford (E. H. Hanford, of counsel), for respondent.

SMITH, J. The wrong for which the defendant has been charged is an intentional alienation of the affections of the plaintiff's wife. The measure of the damage done is the extent to which such affections have been alienated by the wrongful act of the defendant. After proof of defendant's wrongful act, the jury might reasonably presume that such alienation of affections as was found was the result of defendant's wrong. The defendant therefore had the right to offer evidence to prove that the affections of the plaintiff's wife were not alienated, or not wholly alienated, by any act of his, but, rather, by

the fault of the plaintiff himself. Any ill treatment or abuse by the plaintiff of his wife before their separation may properly be proven by the defendant, that the jury may consider whether the alienation of the wife's affections is due wholly to the defendant's wrong.

Upon the day after their marriage the plaintiff and his wife were passengers upon the boat from Albany to New York. One Wilber Bennett was upon the boat, with whom the plaintiff's wife had some conversation. When she was upon the stand, after having testified that her husband spoke to her about that conversation, she was asked by the defendant's counsel:

"State what he said. (The plaintiff objected as improper, immaterial, and incompetent, and a conversation between husband and wife. The court sustained the objection, and the defendant excepted.) Q. Did he, or did he not, reprimand you for conversing with Bennett? (The plaintiff objected as improper, immaterial, and incompetent, and a transaction between husband and wife, and it calls for a conclusion of the witness. The court sustained the objection.) Defendant's counsel: Does your honor hold that a charge made by a husband to his wife is privileged? The Court: I do. (Defendant excepts.) * * * Q. While in New York, did Millspaugh use profane language to you? (The plaintiff objected on the same grounds before stated. The court sustained the objection, and the defendant excepted.)"

Again the same witness, upon the examination by the defendant's counsel, was asked:

"Q. On what account do you decline to live with your husband? (The plaintiff objected. The court sustained the objection, and the defendant excepted.) Q. While you were confined to your bed, and before your recovery, didn't Millspaugh accuse you of the commission of adultery with other men than Mr. Potter? (The plaintiff objected. The court sustained the objection, and the defendant excepted.)"

In these rulings we think the learned trial judge erred. If prior to the separation of the wife from the husband the husband had struck her, proof of such fact would be clearly competent to show that the alienation of the wife's affections was not wholly due to defendant's conduct. We are unable to see any reason why abusive language, unfounded charges of adultery, unreasonable reprimand, may not be shown for a like purpose. The ground of the ruling of the trial court seems to have been that such charges and such abuse are confidential communications, protected by section 831 of the Code of Civil Procedure. To this we cannot agree. In Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. 123, Judge Earl assumes to define what class of communications is by this section protected. He says:

"What are confidential communications, within the meaning of this section? Clearly, not all communications made between husband and wife when alone. * * * They are such communications as are expressly made confidential, or such as are of a confidential nature or induced by the marital relation."

This definition is not wholly satisfactory, because it does not define what are communications of a confidential nature. It is probably impossible to give an exact and comprehensive definition of the term "confidential communications." Defining by exclusion, however, we think it may be safely said that unfounded charges of immorality, abusive language, profanity towards a wife, are not such communications as the legislature intended to protect; and, when the

plaintiff would charge another with alienating the affections of his wife, he cannot shield himself behind this statute from proof by the wife of such acts as were in this action properly pleaded and sought to be proven.

In Fowler v. Fowler (Sup.) 11 N. Y. Supp. 419, it was held by the general term of the Fifth department that a declaration made by a husband to his wife the second night after marriage that he did not love her and had made a mistake in marrying her, which was the beginning of a course of ill treatment, was not a privileged communication. The counsel for the respondent relies with assurance upon the decision in Warner v. Publishing Co., 132 N. Y. 181, 30 N. E. 393, to support the ruling below. This was an action brought by a married woman for libel. The libel suggested improper relations between her and one S. The husband of the plaintiff was called as a witness by the defendant, and asked as to any conversations with his wife relative to the person with whom the improper relations were charged. They were held properly excluded. At page 185, 132 N. Y., and page 394, 30 N. E., Parker, J., in discussing the evidence, says:

"The evidence offered could have no purpose useful to the defendants unless it had been to show that during such a conversation with her husband she said or did something, or omitted to say or do something, from which it might be inferred that there existed an unlawful intimacy between her and Smith."

We are unable to find in this decision any support for the ruling of the trial court. There it was sought to prove a confession by the wife to the husband, which is clearly within the protection of the statute. In the case at bar what is sought to be proven is abuse and ill treatment, no more confidential than would be a blow given by the husband to the wife.

We think the defendant further should have been allowed to show by the wife her reason for refusing to live with the husband. Upon the evidence the plaintiff might lawfully claim damages for a permanent alienation of the affections of the wife, and for a permanent separation caused thereby. The state of the wife's affections at the time of the trial was therefore a material fact upon the question of damages, and her refusal to live with her husband, and the reasons existing in her mind therefor, are material and relevant facts upon such an inquiry. Because this called for the operation of the witness' mind does not necessarily make the evidence incompetent. See McKown v. Hunter, 30 N. Y. 625; Kerrains v. People, 60 N. Y. 221, 19 Am. Rep. 158.

For these reasons, we think the defendant is entitled to a retrial of the issues.

Judgment and order reversed, new trial granted, with costs to appellant to abide the event. All concur.