M. Henry Martuscello, J.
This is an inquest in a libel action taken upon the defendants’ default in appearing for trial.
Plaintiff substantially alleges in his complaint that, at all the times therein mentioned, the defendant William V. Bradley was the president of the International Longshoremen’s Association-Independent, and the defendant John Condon, acting under the supervision, control and instructions of said Bradley, prepared, published, released and distributed for and on behalf of the aforesaid Longshoremen’s Association a certain leaflet, to wit, “ ILA Ind. newsletter and that on or about March 5, 1954, said defendants willfully and maliciously published in the aforesaid newsletter, of and concerning the plaintiff, false and defamatory words as follows: ‘ ‘ The A.F.L. is always taking bows for being militant communist fighters * * * Let Paul Hall of the A.F.L. Seafarers Union tell us who Morris Weisberger is. This right hand man of Hall’s who does the S.I.U. brain work is an old time BIG-SHOT COMMIE ”.
Defendant Condon admitted in his answer that he prepared and published the newsletter in question, but severally pleaded defenses of justification and qualified privilege. Bradley, on the other hand, denied generally the allegations of the complaint and set up as a complete affirmative defense that, at all the times mentioned in the complaint, the International Longshoremen’s Association-Independent was an association or organization participating in or interested in a labor dispute as defined by section 876-a of the Civil Practice Act and *178 that he was an officer thereof but did not participate in, authorize or ratify any of the acts complained of in the complaint.
Section 494-a of the Civil Practice Act directs that in an inquest in a tort action ‘‘ the court shall take such proof as the case may require and render judgment accordingly.”
It appears beyond question herein that the alleged libel referred to the plaintiff and was published during, and in connection with, a campaign conducted by the aforesaid International Longshoremen’s Association-Independent, hereinafter referred to as I. L. A.-Ind., and the International Longshoremen’s Association-American Federation of Labor, wherein these rival organizations were competing against each other to represent, for collective bargaining purposes, the longshoremen employed in the Port of New York. As this contest constituted a labor dispute within the purview of subdivision 6 of section 876-a of the Civil Practice Act (Lubliner v. Reinlib, 184 Misc. 472, 478) plaintiff, notwithstanding the defendants’ default in appearing for trial, is required to adduce proof of liability in accordance with said section which reads as follows: “No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute (as those terms are herein defined) shall be held responsible or liable in any civil action at law or suit in equity, or in any criminal prosecution, for the unlawful acts of individual officers, members, or agents, except upon proof by the weight of evidence and without the aid of any presumptions of law or fact, of (a) the doing of such acts by persons who are officers, members or agents of any such association or organization, and (b) actual participation in, or actual authorization of, such acts, or ratification of such acts after actual knowledge thereof by such association or organization. ’’
The plaintiff is the east coast representative of the Sailors’ Union of the Pacific and also a vice-president of the Seafarers International Union of North America, A. F. L.-C. I. O. He testified that he was never a member of the Communist party nor affiliated with it in any way, and that he at no time espoused any of its causes or policies. Moreover, he testified that the unions with which he is affiliated are engaged in combating communism and specifically bar membership to a Communist; and that as an officer thereof he, in the past nine years, in accordance with Federal law, filed or caused to be filed with the National Labor Relations Board 18 affidavits wherein he declared under oath that he was never a member of the Communist party. He also testified that since 1951 he has been a *179 salaried member of the Coast Guard Appeals Board for the Port of New York, having been appointed thereto by the Admiral Commandant of the Coast Guard for this area and on the recommendation of the President of the United States; and that such agency is charged with the responsibility of passing upon grievances of seamen accused of communism; and that as a member of that agency he has been carefully screened and given security clearance permitting him to obtain secret information.
The law is well settled that a false written accusation that one is a Communist is libelous per se (Mencher v. Chesley, 297 N. Y. 94, 101; Grant v. Readers Digest Assn., 151 F. 2d 733, 735). Upon the evidence adduced before me I find that plaintiff has proved that he never was a Communist and the falsity of the writing in question being thus established malice is implied therefrom (Warner v. Press Pub. Co., 132 N. Y. 181; Tillotson v. Cheetham, 3 Johns. 56).
On the basis of Condon’s admission in his answer, I find that plaintiff has established a cause of action against him. However, with respect to the defendant Bradley I find that the proof against him does not meet the requirements of section 876-a of the Civil Practice Act. Although Bradley made no admission of having participated in any way in the publication of the newsletter in question, plaintiff, nevertheless, seeks to hold him responsible therefor by virtue of his office, claiming that under the constitution of the I. L. A.-Independent said defendant was charged with the duty of supervising and controlling publications thereof. Section 1 of article IX of said constitution, which was received in evidence, in defining and specifying the powers and duties of Bradley, contains no reference therein to publications, much less of any duty on Bradley’s part with respect thereto. Plaintiff nonetheless, urges that the following provision thereof, to wit, “ that the President shall have such other and further powers in addition to those herein enumerated, and shall perform such other and further duties as are usual to his office and as are performed by the President in accordance with the usages of the I. L. A.”, mandated him to assume responsibility for all of its publications, especially in view of said plaintiff’s showing that it is the custom and usage in longshoremen associations, other than the I. L. A.-Ind., for the president to supervise and direct all organization publications, and that Bradley in 1953, at a time when he solicited from plaintiff and others articles for publication in his association’s newspaper, stated that he was in charge of publishing said newspaper.
*180 The latter quoted provision might well serve as a basis for a finding that Bradley had authority to direct and supervise the preparation of the subject newsletter; but, in the light of all the evidence adduced herein, it does not constitute proof that he actually assumed such authority, or even that he was duty bound to do so, notwithstanding what the practice may have been in other organizations, which is of no value here inasmuch as said provision limits its application to the usages of the I. L. A.-Ind., and as to same there was no evidence thereof. Nor does Bradley’s admission with respect to the newspaper warrant the inference that he assumed responsibility for the newsletter herein. Granting plaintiff every favorable inference that can be drawn from his evidence, his proof would still fall without the pale of the aforesaid section 876-a, which apparently denies liability founded in part upon inferences. I am therefore constrained to dismiss the complaint against the defendant Bradley.
Relative to the question of damages, I find that copies of the newsletter were posted or distributed in piers located in the borough of Manhattan, whereat between two and three thousand longshoremen were employed. Plaintiff testified that he was mentally disturbed over the libelous item, particularly by reason of his union and official affiliations, even though most of the longshoremen and others who knew him treated the matter as a joke and otherwise had confidence in his patriotism. For the mental anguish and anxiety he did suffer, I fix compensatory damages of $2,500; and I also award exemplary damages of $10,000, and direct that judgment be entered in favor of plaintiff against defendant Condon for $12,500.