Van Vooriiis, J. (dissenting).
The important question upon this appeal is whether the trial court should have excluded testimony by a husband who has been sued in a separation action, that his wife told him that she had committed adultery. This testimony was objected to as a confidential communication privileged under section 349 of the Civil Practice Act. The ground of the action is abandonment and nonsupport. The husband’s defense is that his wife’s cruel and inhuman treatment justified him in leaving her. His testimony that she admitted having had illicit relations with another man was introduced upon the theory that it was evidence of cruel and inhuman treatment of the husband by the wife.
Section 349 of the Civil Practice Act states: “ A husband or wife shall not be compelled, or without consent of the other if living, allowed to disclose a confidential communication made by one to the other during marriage.” An admission by a wife to her husband that she has engaged in sexual relations with another man during marriage is a confidential communication within this section. “ A conversation on such a subject between husband and wife seems to us to be clearly within the protection of the statute.” (Warner v. Press Pub. Co., 132 N. Y. 181, 185-186.) Not all communications between husband and wife when alone are confidential, but conversations are which have been induced by the marital relation (Parkhurst v. Berdell, 110 N. Y. 386, 393). This is one of the best known examples of such a conversation.
It is argued that this testimony was not privileged on the theory that this wife was not penitent but made this remark as an affront intended to discountenance the defendant by charging him with being the husband of an adulteress. Such a distinction cannot be observed in practice. An alienated spouse who is an antagonist in a separation action may be depended upon to testify to such a remark in a manner which will render it admissible under so subjective a distinction. It would simply mean, in practice, that all communications of this nature would be admitted in actions between spouses without regard to section 349.
Nothing to the contrary was held in Woodrick v. Woodrick (141 N. Y. 457) or Fowler v. Fowler (58 Hun 601, opinion in 11 N. Y. S. 419). In the Woodrick case, the wife sued the husband for separation, charging him with cruel and inbnmfi.n *320 treatment in having falsely accused her of cohabiting with another man. The husband met her testimony concerning this accusation (admitting that he had made such a charge against her) by testifying to circumstances indicating that he did so in good faith believing it to be true. In Fowler v. Fowler, the wife testified that her husband afterward admitted that his pretended confession had been false, made, as he said, out of whole cloth, with the hope of inducing a similar concession from her in return. The General Term said (p. 420) in deciding the case: “ In other words, this 1 confidential communication ’ from the husband to the wife was a deliberate device to entrap the wife into a confession of guilt on her own part. There is no shield of privilege for such an act as this.”
The testimony in the instant case is of a different character. It is: “ She said she was going out with this man and had relations together, for a number of times, and they also thought they would elope and go away together.” Afterwards she asked her husband to return to live with her, but he refused. There is nothing in this testimony indicating that this communication was made to injure the husband or for any ulterior purpose. For anything that appears to the contrary, it was a simple, unembellished statement of how things stood with Jier at the time when she was speaking. This is an example of the full and free communication between married people which the law encourages, and which section 349 of the Civil Practice Act was enacted to protect (People v. Daghita, 299 N. Y. 194, 198-199; 8 Wigmore on Evidence [3d ed., 1940], § 2285, pp. 531-532; § 2332, pp. 636-637). The object of this provision was, as stated in the opinion written by Judge Conway, as he then was, in People v. Daghita (supra, p. 198), quoting from Chamberlain v. People (23 N. Y. 85, 89): “ ‘ that the most entire confidence may exist between them, and that there may be no apprehension that such confidence can, at any time, or in any event, be violated so far, at least, as regards any testimony or disclosure in a court of justice ’.” It is said that accusations of infidelity, made by one spouse to the other, are admissible in separation actions to prove mental cruelty (de Meli v. de Meli, 120 N. Y. 485). In the leading case just cited, the testimony was that the husband circulated false charges of her adultery among his wife’s friends. No confidential communication was involved. The circumstance that charges of this nature may constitute *321 evidence of cruel and inhuman treatment does not contradict the rule that admissions of adultery hy one spouse to another are privileged under section 349 of the Civil Practice Act. Cruel and inhuman treatment must be proved by competent witnesses and by admissible evidence like other material facts in lawsuits.
Exclusion in separation actions of communications between husband and wife which have been induced by the marriage relation, has a salutary effect upon the use of such actions as a form of legalized blackmail, which is a practice that is occasionally followed by an unscrupulous spouse to bring a more upright marriage partner to heel.
The judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.
Burke, J., concurs with Fuld, J.; Froessel, J., concurs in result in a separate opinion in which Desmond and Dye, JJ., concur; Van Voorhis, J., dissents in an opinion in which Conway, Ch. J., concurs.
Judgment affirmed.