■ HOWARD B. LEE, Respondent, v MARY D. LEE, Appellant.—In an action for divorce, the defendant wife appeals from a judgment of the Supreme Court, Westchester County, dated February 18, 1975, and made after a jury trial, which, *inter alia,* granted plaintiff a divorce. Judgment affirmed, without costs. The main questions raised on this appeal are (1) whether facts proving adultery may be testified to by a husband and received on the issue of cruel and inhuman treatment, and (2) whether the same facts may also be used as a partial basis for establishing a cause of action for divorce on the ground of adultery, notwithstanding the wording of CPLR 4502. Plaintiff established that defendant socialized with a neighbor to a point where the husband became the third party. The record indicates that defendant and the neighbor enjoyed movies and dinner in each other's company on a weekly basis, and that they took a six-week vacation together in the summer of 1972, notwithstanding plaintiff's objections thereto. In 1969, defendant refused to engage any longer in sexual relations with plaintiff. From that moment on, the marriage deteriorated rapidly. Defendant exacerbated the differences between them by instituting an action to impress a trust for a one-half interest in plaintiff's valuable stamp collection business. He then cut her allowance almost to the vanishing point. She petitioned the Family Court for support. After this latter occurrence and, during an argument between them, she made slighting references to his virility and suggested that he sue her for divorce, intimating that she had committed adultery with their erstwhile house guest, the neighbor. At the trial, the testimony of a private investigator retained by plaintiff indicated that defendant and the neighbor were seen in the latter's apartment, engaged in loveplay, followed by a dousing of lights; defendant emerged four hours thereafter. Such evidence supplies the necessary elements of opportunity and inclination, and warrants the jury's verdict that defendant had committed adultery. Notwithstanding CPLR 4502, which prohibits a husband or wife from testifying against the other in an action for adultery (with certain exceptions not applicable herein) or from divulging confidential communications of the other, it has been held that, in a matrimonial suit based upon cruel and inhuman treatment, a spouse may give testimony of adultery *(Woodrick v Woodrick,* 141 NY 457; *Poppe v Poppe,* 3 NY2d

312). In *Poppe v Poppe* (supra) it was stated (p 317): "No policy has prohibited one spouse from testifying as to assaultive acts committed by the other, and such testimony has always been admissible on the issue of cruelty. By parity of reasoning, no policy exists, or may properly be advanced, to forbid a husband or wife from giving evidence, likewise for its bearing on the issue of cruelty, as to statements made by the other which may have an effect no less cruel and no less destructive of the marital relation, though their impact be upon the mind and spirit rather than the body. It has always been recognized that an unfounded charge of infidelity by one spouse to the other is admissible to prove cruelty (see *de Meli v. de Meli, supra,* 120 N.Y. 485, 493; *Millspaugh v. Potter, supra,* 62 App. Div. 521, 523), and there is no discernible basis for differentiating in this regard between a 'cruel' accusation of adultery and an equally 'cruel' admission of past infidelity, particularly when to it is added an assertion of planned elopement." Furthermore, defendant's failure to request or seek a special verdict or to request special instructions to the jury constituted a waiver. The jury's findings were consistent and were justified by the evidence. Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.