## BACH VS. PARMELY.

EVIDENCE: HUSBAND AND WIFE. *Wife a competent witness in action against husband for necessaries furnished her.*

1. In an action against a husband for necessaries furnished to his wife, the latter is a competent witness to prove acts of the husband by which he turned her out of the house under such circumstances as to make him liable for necessaries so furnished.
2. Whether the husband's liability in such case be placed upon the ground of an implied *agency* of the wife to contract in his name for such necessaries, or simply upon his duty growing out of the marital relation, it furnishes a necessary exception to the general rule that a wife cannot be a witness for or against her husband.

APPEAL from the Circuit Court for *Iowa* County.

The plaintiff brought his action to recover of the defendant for necessaries furnished by plaintiff to defendant's wife. It appeared in evidence that defendant's wife left his house in destitute circumstances, and went to plaintiff's house, where she was boarded for several weeks and taken care of during her confinement. Plaintiff's claim for board, nursing and other services was $50. There was evidence that defendant's wife was compelled to leave his house because of his cruel and abusive conduct. Upon this point Mrs. Parmely was allowed to testify, against objection. There was also some evidence for the defendant tending to show cruel and abusive conduct toward him, on the part of the wife, prior to the separation. The jury found for the plaintiff, and assessed his damages at one dollar. Judgment accordingly; from which defendant appealed.

*Cothren, Lanyon & Spensley,* for appellant, argued, among other things, that the court erred in permitting Mrs. Parmely to testify. The rule excluding husband or wife from testifying is based upon higher grounds than identity of interest; if it were otherwise, it would destroy that harmony which is the primary source of social order and happiness, and the temptation to perjury would be too great for human virtue to resist.

Bach vs. Parmely.

1 Black. Com., 443, 444, note 46; 2 Kent's Com., 179; 1 Greenl. Ev., § 340; *Davis v. Dinwoody*, 4 Term, 678; *Burrell v. Bull*, 3 Sandf. Ch., 15; *Schœffler v. The State*, 3 Wis., 844; *Farrell v. Ledwell*, 21 Wis., 182, and cases there cited. If it be claimed that she was defendant's agent and therefore her testimony was admissible, we answer that in any case a wife's agency must be first shown before she can testify in an action to which her husband is a party.

*Alexander Wilson, contra,* contended that in *Birdsall v. Dunn*, 16 Wis., 235, this court held that the rules of the common law, excluding witnesses either on the ground of interest or of public policy, are not inflexible, but yield to the exigencies of particular cases where the purposes of justice require it. The law at the time of marriage made Mrs. Parmely her husband's agent for the purchase of such necessaries as he might refuse to supply, and left him no authority to withdraw the agency. And whenever the husband abandons the wife, turns her out of doors, or treats her with extreme cruelty, he is chargeable with necessaries furnished her by a third person. No one can testify to these acts of cruelty so well as the wife, and her testimony was proper as agent for the husband in contracting for necessaries without which her life itself was imperiled.

DIXON, C. J. The only question of any difficulty or importance in this case arises upon the exception to the ruling of the court permitting Mrs. Parmely, the wife of the defendant, as a witness for the plaintiff, to prove the acts and misconduct of the defendant by which he, without sufficient cause, turned her, the witness, out of doors without provision, and under circumstances to make him liable for necessaries supplied her by the plaintiff. If the wife were not competent to testify in such case, it would often, and probably in a majority of instances, happen that no proof of the facts and circumstances attending her expulsion and showing that she was driven from

her home by the cruelty and misbehavior of her husband, could be given; and the result would be that no means would exist of enforcing that duty which the law imposes upon the husband to pay for the necessaries furnished to the wife thus driven out homeless and starving into the world. Mr. Bright says that the assent of the husband to the contracts of his wife for the purchase of articles of necessity under such circumstances is implied by a fiction of law founded on his duty to provide such articles for her, and independently of any evidence from which it can be inferred as a fact that she has his authority to bind him; and he places the liability of the husband on the ground of contract thus entered into through the implied agency of the wife. 2 Bright on Husband and Wife, p. 6, § 3, and p. 10, § 18. Mr. Parsons rejects the idea of agency, and says that the responsibility of the husband for necessaries supplied to the wife rests solely on the duty which grows out of the marital relation. 1 Parsons on Contracts (5th ed.), 350. In either view we think the wife a competent witness to prove the cruelty and misconduct of the husband, and that he drove her from home without provision for her maintenance and support. Upon the theory that she is agent of her husband, her testimony would be admissible according to numerous decisions of this court referred to by counsel for the plaintiff. See *O'Conner v. Insurance Co.*, 31 Wis., 160, 168, and authorities there cited. On the opposite theory, or that there is no agency, her testimony should be received on the ground of necessity, and that there would be a failure of justice without it. In general the wife is debarred from being a witness for or against her husband; but to this rule there are exceptions at law as well as in equity, as will be seen from the authorities above cited, where, from the nature of the inquiry, the information to be expected is peculiarly within the knowledge of the wife, and where to exclude such evidence would occasion insecurity to that relation in society which it is the object of the rule to protect. This case was within the exceptions to the general rule,

and the testimony of the wife was properly received. It was admissible upon the same principle governing the reception of such evidence in criminal prosecutions against the husband for acts of violence on his part threatened or committed upon the person of his wife. The exception rests upon the same grounds of necessity and public policy.

The verdict is an anomaly, and such a one as no jury ought have rendered. It stultifies the jury. The plaintiff was not entitled to recover anything, unless the wife had legal cause for leaving her husband; and if she had, the plaintiff should have recovered his entire bill. The jury have found that the wife had good cause for leaving her home, and yet have given the plaintiff but one dollar; but as the plaintiff is not here complaining of that, it is not for us say more upon the subject.

*By the Court.*—Judgment affirmed.