ELIZA W. PARKHURST, Respondent, *v.* ROBERT H. BERDELL, Impleaded, etc., Appellant.

Where there is litigation in an action between two defendants therein they are estopped by whatever is adjudicated as between them, the same as if the adjudication had been in an action wherein one of them was plaintiff and the other defendant; and in a subsequent action between them the judgment-roll in the former action is competent evidence to establish that such an adjudication was made.

An appeal from a judgment does not suspend its operation as an estoppel, and if competent evidence for that purpose when received, its reception is not rendered erroneous by its subsequent reversal; and, notwithstanding the reversal, it continues to have the same effect, in the action where it was availed of as an estoppel, as it was entitled to when received.

The objection, therefore, that the judgment was reversed after its reception in evidence, is not available on appeal in the subsequent action.

*It seems* the only relief a party can have, against whom a judgment, which has been subsequently reversed, has been received in evidence, is to move in the court of original jurisdiction for a new trial.

In an action for an accounting as to certain securities alleged to have been loaned by plaintiff to defendant, the wife of defendant as a witness, upon the examination of plaintiff's counsel, testified, without objection, as to conversations with her husband when they were alone as to plaintiff's securities taken by him, his obligations to her for the same, and his promise to secure her therefor. After cross-examination by the defendant's counsel, he moved to strike out the evidence on the ground that the conversations were confidential communications, and so the evidence was prohibited by the Code of Civil Procedure (§ 831.) The motion was denied. *Held,* no error; that the objection came too late, and even if it had been timely, it would not have been available, as the communications were not confidential within the meaning of the prohibition.

(Argued June 20, 1888; decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 5, 1885, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to compel an accounting by the defendant for certain money and securities of the plaintiff had and appropriated by him, and to have the amount found due her declared a lien upon certain land in Goshen in this state.

The facts found by the referee, so far as it is now material to state them, are as follows: Sylvester C. Parkhurst, the

husband of the plaintiff, died in the city of New York, on the 12th day of April, 1867, and at the time of his death he had in his possession and was the owner in his own right of the following property : Two hundred and ninety-two shares of the stock of the Ninth National Bank of New York, of $100 each ; fifteen bonds of the Long Dock Company of $1,000 each ; United States bonds of the par value of $5,500 ; five bonds of the Alton and Terre Haute Railroad Company, of $1,000 each ; five first mortgage bonds of the New York and Erie Railroad Company of $1,000 each, and ten bonds of a Newark Horse Railroad Company of $500 each. By his will he bequeathed all of the property to the plaintiff, and she took possession and became the owner thereof. She loaned the securities to the defendant Berdell, some of them in the year 1869, and the remainder of them in the year 1870. Soon after borrowing them the defendant sold 147 shares of the bank stock for the sum of $16,530, which he received, and after charging himself with that sum, together with the interest and dividends on the securities remaining unsold which had been collected by him, and deducting therefrom all such sums as he had paid or advanced to the plaintiff, and all other sums which she owed him, there was a balance found due her of $16,000, for which he gave her his note, bearing interest, dated July 1, 1870. He gave her his receipt bearing date January 1, 1870, for the balance of the bank stock unsold and the other securities, as follows :

"Received, Goshen, Orange county, N. Y., January 1, 1870, from Mrs. E. W. Parkhurst 14,500 (145 shares) Ninth National Bank stock ; 15,000 (1,000 each) Long Dock bonds ; 5,500 (1864's) U. S. bonds ; 500 Terre Haute & Alton second mortgage bonds. The above securities have been loaned to me to use, and I agree to return them to her at her request.

"ROBERT H. BERDELL.

"Also five Erie first mortgage bonds ; also 5,000 Newark Horse R. R. bonds.

"ROBERT H. BERDELL."

After the giving of the note of $16,000, the defendant collected from time to time, as the same became due and payable, the interest and dividends on the securities mentioned in the receipt, and from time to time, as she required the same, paid plaintiff portions thereof. On the first day of January, in each and every year after, the receipt was given (except January 1, 1871), up to and including the 1st day of January, 1875, the plaintiff and defendant had an accounting and settlement in which he charged himself with the amount of the note held by her at that time and interest thereon, given by him to her on a previous settlement and accounting, and also with the dividends and interest received by him upon the securities mentioned in the receipt, and credited himself with moneys paid to or for her, and for the balance thus found due to the plaintiff on such settlement he then gave his note bearing interest and payable on demand. On the settlement had January 1, 1875, there was found due her the sum of $34,569.61, for which he gave her his note payable on demand, with interest, which note, with interest, remained unpaid and due to her. Defendant has not returned the securities mentioned in the receipt, although requested by plaintiff to do so, but he has refused to return the same and has converted the same to his own use. On the 24th day of September, 1873, for the purpose of securing plaintiff for the payment of the note then held by her, which had been given on a previous settlement, as above stated, and also for the purpose of giving her security for the return of the stocks and bonds mentioned in the receipt, or the proceeds thereof, defendant executed and delivered to her his bond for the sum of $80,000, dated that day, and also, together with his wife, for the purpose of securing the bond, executed and delivered to her a mortgage for the same sum on certain real property belonging to him in the city of New York, which mortgage was duly recorded. Thereafter, in the year 1874, defendant desiring to convey to the Central National Bank, the lands covered by the mortgage, requested plaintiff to

execute and deliver to him a satisfaction piece thereof, in consideration thereof, promised and agreed that he would, in lieu thereof, execute and deliver to her another mortgage for a like amount, and for a like purpose, on real estate owned by him in the town of Goshen, Orange county, as a substituted security. On the 23d day of July, 1874, in compliance with his request and in reliance upon his promise, she executed and delivered to him a satisfaction piece of the mortgage for $80,000, and that mortgage was actually thereby satisfied of record, defendant, thereafter, conveyed the land covered thereby to the Central National Bank. On the twenty-fourth day of July, in the same year, defendant, in fulfillment of his promise, executed and delivered to her a mortgage on the Goshen real estate for the sum of $80,000, and she handed the same back to him for safe-keeping, he promising to have it recorded; this he has neglected and refused to do or to return the mortgage to her, although requested so to do, and it still remains unrecorded. A certain instrument, bearing date December 12, 1862, purporting to be a deed of trust by defendant to Sylvester C. Parkhurst, for certain lands in the city of New York, was never delivered by him, nor was it intended that it should be delivered, and it was not intended to be an operative instrument or to be carried into effect as between the parties to it or as between them or either of them and the *cestuis que trustent* named in the trust deed; nor was the trust agreement between him and Parkhurst, of the same date as the trust deed, intended when executed to be carried into effect as between them or either of them and the *cestuis que trustent*, named in the trust deed. The stock and bonds mentioned in the receipt, above set out, were, on the 6th day of November, 1875, the day when this suit was commenced, and ever since have been, of the value, in the aggregate, of $52,000, which, with the interest thereon from January 1, 1875, was chargeable to the defendant.

The referee found, as conclusion of law, that the plaintiff was entitled to judgment against the defendant for $125,620.80,

that sum being the aggregate of the principal of his promissory note for $34,569.61, dated January 1, 1875, and the interest thereon, and of the $52,000, and the interest thereon, less certain deductions mentioned; that the plaintiff, by the execution and delivery to her of the mortgage on the Goshen property, under the circumstances and upon the consideration above mentioned, acquired an equitable lien to the extent of $80,000 of the above-named sum, and the interest thereon on the Goshen property, to the same extent and with the same force and effect as if the mortgage had, on the date thereof, been duly recorded in the clerk's office of Orange county, or could be produced by the plaintiff, and it should be so adjudged and declared in and by the judgment to be entered in this action.

Further facts appear in the opinion.

*Calvin Frost* for appellant. The referee erred in his finding that the trust deed and agreement of date of December 12, 1862, were never delivered, or intended so to be, or to become operative, and never became operative. (*Wallace* v. *Berdell*, 97 N. Y. 13; *Murray* v. *Berdell*, id. 617.) The referee erred in refusing to strike out testimony given by the wife of defendant as to conversations with her when alone, which were against his interest and consent, upon the ground that such conversations and communications were confidential, having been had between the parties when alone. (1 Greenl. on Ev. § 334.) The questions as to the meaning of certain entries on the books of Mr. Parkhurst, were improperly excluded. (1 Greenl. on Ev. § 280; *Bissell* v. *Campbell*, 54 N. Y. 357, 358.)

*S. W. Fullerton* for respondent. Mrs. Berdell was not compelled to testify to the communications between herself and husband, and it must be held that she disclosed them with her husband's consent, inasmuch as he was present and made no objections until after she testified. (Code, § 83; *Quinn* v. *Lloyd*, 41 N. Y. 349, 355; *Miller* v. *Montgomery*, 78 id. 282.)

EARL, J. A careful scrutiny of the record satisfies us that there was sufficient evidence to warrant the essential findings of the referee, and they having been affirmed by the General Term must remain undisturbed. The facts found justified the relief granted, and it is incumbent upon us now only to consider whether there were any errors committed by the learned referee in his rulings during the progress of the trial.

The plaintiff offered in evidence the judgment-roll in an action of " Ambrose S. Murray (suing on behalf of himself and all other judgment-creditors of Robert H. Berdell who shall come in and seek relief by and contribute to the expenses of this suit) against Robert H. Berdell, Charles P. Berdell, Mrs. A. Berdell, Erastus S. Spencer, as receiver of Robert H. Berdell, and Eliza W. Parkhurst." The defendant objected to the admissibility of the record in evidence " as not being competent testimony in this case against him," and the objection was overruled and the record received in evidence.

It does not appear for what purpose the record was offered and received, nor was any particular objection to it specified. It does not appear what use the referee made of it, and it is impossible to perceive what, if any, weight or bearing it had upon his determination. There was no finding in reference to it, and none was requested. The counsel for the appellant did not, in his argument before us, point out wherein he regarded the record incompetent as evidence when it was received; and we are unable to say that it was incompetent. The action in which that judgment was rendered was brought, among other things, to set aside certain conveyances of and liens upon the lands of Robert H. Berdell, as a fraud upon his creditors, and, among other things, the court found, as the referee found in this action, that certain deeds, absolute in form, given by Berdell to Mrs. Parkhurst, were subsisting mortgages, and that he was indebted to her just as the referee found he was in this action, and that he gave her the first mortgage for $80,000, and the substituted mortgage upon the

Goshen property for the same sum, under the circumstances and upon the consideration found by the referee in this action; and it was found and adjudged there that the trust deed for the benefit of his children had never been delivered and never took effect. Mrs. Parkhurst was a party to that action, and there was litigation between her and him as adverse parties, although both of them were defendants, and, therefore, whatever was adjudicated, as between them, estopped them as if the adjudication had been made in an action wherein one of them was plaintiff and the other defendant. As it appears to have been material to establish in this action some of the matters adjudicated in that in favor of Mrs. Parkhurst, it was competent for her to establish them by the judgment-roll introduced in evidence. But that judgment was rendered in September, 1878, and before the trial of this action an appeal had been taken to the General Term. That is all that appeared upon the trial of this action. But the appeal did not suspend the operation of the judgment as an estoppel. The records of our court, however, disclose that that judgment was affirmed at the General Term and upon appeal to this court was reversed in October, 1884, on the ground that, as matter of law, upon the undisputed facts, the trust deed above mentioned was delivered and did take effect. (97 N. Y. 13.) Upon the argument before us the only objection specified to the judgment-roll as evidence was that the judgment had thus, several years after it had been received in evidence, been reversed. But such an objection is not available; it does not appear in the record now before us. If the judgment-roll was competent evidence when received, its reception was not rendered erroneous by the subsequent reversal of the judgment. Notwithstanding its reversal, it continued, in this action to have the same effect to which it was entitled when received in evidence. The only relief a party against whom a judgment which has been subsequently reversed has thus been received in evidence can have is to move on that fact in the court of original jurisdiction for a new trial, and then the court can,

Opinion of the Court, per EARL, J.

in the exercise of its discretion, grant or refuse a new trial, as justice may require.*

\*          \*          \*          \*          \*          \*

During the progress of the trial, Mrs. Berdell, the wife of the defendant, upon the examination of plaintiff's counsel, gave evidence as to conversations with him when they were alone as to plaintiff's securities taken by him, his obligations to her for the same, and his promise to secure her therefor. She was cross-examined by his counsel as to the same conversations, and then, after the answers had been taken, his counsel having previously made no objection to the evidence, moved to strike it out on the ground that the conversations were confidential communications and prohibited under section 831 of the Code. The motion was denied, and this is now complained of as error. It is a complete answer to this exception that the objection came too late. The defendant could not lie by, tacitly consent to the examination, and take his chances as to the evidence, and, when it proved unsatisfactory to him, complain of its admissibility. (*Quin* v. *Lloyd*, 41 N. Y. 349; *Miller* v. *Montgomery*, 78 id. 282.) But if the objection to the evidence had been timely, it would not have been available. The section of the Code referred to forbids not all communications between husband and wife, but only confidential communications. What are confidential communications within the meaning of the section? Clearly not all communications made between husband and wife when alone. If such had been the meaning it would have been so provided in general and simple terms. They are such communications as are expressly made confidential, or such as are of a confidential nature or induced by the marital relation. The conversations with her husband, testified to by Mrs. Berdell, cannot be excluded by

---

*The omitted portion of the opinion is taken up with a discussion of the question as to whether, conceding the reversal of the judgment could be availed of, its reception in evidence would be ground for reversal here. The court reached the conclusion that the evidence could not have injured the appellant, and so its reception would not require a reversal.

the application of any of these tests. They were ordinary conversations relating to matters of business which there is no reason to suppose he would have been unwilling to hold in the presence of any person. There was, therefore, no violation of the section of the Code cited.

We have now noticed the principal objections relied upon by the defendant. Others were argued and we have given them careful consideration. It is sufficient to say of them that we do not find in them any occasion for the reversal of this judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.