Commonwealth ex rel. Berardino *v.* Berardino,
Appellant.

Argued April 29, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP,
CUNNINGHAM and BALDRIGE, JJ.

*Harry F. Stambaugh,* and with him *Ralph H. Smith* and *Watson & Freeman,* for plaintiff appellant.

*Edward J. I. Gannon,* and with him *Leonard S. Levin* and *Hazlett, Gardner & Gannon,* for defendant appellant.

OPINION BY KELLER, J., July 2, 1929:

In proceedings for maintenance brought by Marguerite Berardino against her husband, Michael Berardino, under the Act of April 13, 1867, P. L. 78, and its supplements and amendments, the county court of Allegheny County ordered the defendant to pay his wife $5,000 cash within thirty days, and $300 per month, for her support, and to enter his recognizance with approved surety in the sum of $10,000, conditioned for his compliance with said order. Both parties appealed.

We may say, at the outset, that we cannot approve of so much of the order as requires the husband to pay his wife $5,000 cash. The fact that the purpose of this award was to enable her to furnish a home does not justify the order. If the husband has deprived his wife of furniture, etc., belonging to her, legal means

are open to her to secure their return or a judgment for their value. Otherwise she must make a capital expenditure out of her own estate. The Act of 1867 contemplated the awarding of a monthly payment by the husband for his wife's support, not the imposition of a penalty for her benefit or the allowance of a lump sum. It restricted the award to an amount "not exceeding one hundred dollars per month." The subsequent elimination of this limit by the Act of March 5, 1907, P. L. 6, did not contemplate a change in the settled policy of this Commonwealth to order the allowance for the support of deserted wives and children to be paid monthly, but only authorized the court to award, where proper, a monthly payment in excess of the former limit of one hundred dollars. It simply removed the limit of the allowance for support fixed by the Act of 1867 but did not authorize the award or imposition of a capital sum instead of a monthly payment. The second assignment of error in the husband's appeal is sustained to that extent.

We find no merit in the other matters complained of by him. A reading of the evidence satisfies us that the wife had just grounds for leaving her husband— in fact, he ordered her to leave—, and that his offers to her to come back and live with him were not made in good faith. She had reason to fear him, and her refusal to go back and spend one night with him in their former home at New Kensington was justified by his conduct thereafter, and did not constitute a desertion on her part.

The Act of 1867 makes the wife a competent witness on behalf of the Commonwealth. There is nothing in the record to show that the statements made by the husband to the wife as to his property, income and expenditures were confidential communications, which she might not disclose on the hearing of such a pro-

ceeding: Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. 123; Stocker v. Stocker, 112 Neb. 565, 199 N. W. 849, 851. Some of them were rather of a boasting character (See Seitz v. Seitz, 170 Pa. 71), especially those relating to the life insurance he was carrying for her benefit made in the presence of third persons. The others were evidently made to her for the purpose of affecting her mode of living, that it might be in consonance with his means and station in life, and they are now relevant in determining the amount that she should have for her comfortable maintenance and support, taking into consideration his position and station in life and his property and income. Were it otherwise a wife would frequently be helpless to establish her husband's income in such a proceeding, if he did not testify on the subject. His statements made to her for the very purpose of regulating or directing her mode of life and expenditure should be received on the ground of necessity, unless definitely forbidden by statute. See 4 Wigmore on Evidence, 2d Ed., Sec. 2239, pp. 776, 777, 781; Henry v. Sneed, 99 Mo. 407, 12 S. W. 663; State v. Kingsbury, 78 S. W. 640 (Mo.); Bach v. Parmely, 35 Wis. 238; DeManneville v. DeManneville, 10 Vesey, Jr. 52. None of the judges of this court ever before heard a wife's right so to testify in proceedings of this kind questioned, and while that does not establish its legality, the accepted practice in the courts for years is entitled to some consideration in passing on the interpretation to be placed on our statutes relating to evidence.

Furthermore the privilege may be waived: 4 Wigmore on Evidence, Sec. 2242, p. 787; Danley v. Danley, 179 Pa. 170. The evidence now complained of was received without any objection on the part of the defendant, and Mrs. Berardino was cross-examined at length by his counsel with respect to the matters which

he now contends should not have been received in evidence because of their confidential character. It was only after she had been examined and cross-examined in detail with respect to her husband's statements as to his financial condition, etc., that defendant's counsel conceived the idea that they were privileged as confidential communications, and made a motion to strike out all the testimony which he had permitted to be given without objection. We think his conduct amounted to a waiver of the privilege, if the communications should be regarded as confidential: Parkhurst v. Berdell, supra; 4 Wigmore on Evidence, Sec. 2242, p. 788. Besides, the motion to strike out included evidence of communications made in the presence of third persons, which could not be regarded as confidential and privileged: State v. Young, 97 N. J. L. 501, 117 Atl. 713. The court was not bound to separate the good from the bad, but was justified in ruling on the motion as made. The assignments of error relating to this feature of the case are overruled.

In making the order of support the court, no doubt, took into consideration the fact that the wife owns a residence in New Kensington, though her husband apparently attempts to control it, and has a vacant lot worth approximately $20,000, and $10,000 in bank. The income from her estate is not sufficient to maintain her comfortably in the station of life that her husband occupies and which she has been accustomed to enjoy. If her individual property had not been considered, the order for support would, no doubt, have been larger. The evidence, if believed, is sufficient to justify the order made for her monthly support. Defendant has only himself to blame if the order is, in fact, more than a full disclosure of his circumstances would have justified, for he gave no evidence as to his property and income. The remaining assignments of error, in his

appeal, do not require particular consideration. They are overruled.

Taking up the wife's appeal, we are not convinced that the learned court below erred in its allowance of monthly support, or that the evidence requires an increase in the amount so awarded. The determination of the facts was peculiarly for the lower court and we are not satisfied that its discretion was in anywise abused. The assignments of error are overruled.

Appeal No. 198, April T., 1929. The order of the court below, in so far as it directed the defendant to pay the sum of $5,000 cash is reversed; otherwise it is affirmed, at the costs of the appellant.

Appeal No. 6, April T., 1930. The appeal is dismissed at the costs of the appellant.