### SALAMON v. INDEMNITY INS. CO. OF NORTH AMERICA.

United States District Court
S. D. New York.
June 9, 1950.

Duncombe & Pleasants, New York City, for plaintiff.

George A. Garvey, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant has moved the Court for an order compelling the plaintiff to answer questions propounded to her on the taking of her deposition on oral examination on February 17, 1950.

The questions asked relate to any statements made by the deceased to plaintiff, his wife, as to whether he had told her that he had a pain in the area of his chest, or that he had gone to a certain doctor for a heart condition. Plaintiff claimed privilege and refused to answer.

■ Under New York law a wife cannot be compelled to disclose a confidential communication made to her by her husband during marriage. New York Civil Practice Act, § 349. The privilege is not lost by termination of the marital relation, whether by divorce or death of one of the parties. See 5 Chamberlayne's Modern Law of Evidence, Section 3698.

■ The question then is: What is a confidential communication? Confidential communications are those communications that are "expressly made confidential, or such as are of a confidential nature, or induced by the marital relation". Parkhurst v. Berdell, 1888, 110 N.Y. 386, 393, 18 N.E. 123, 127, 6 Am.St.Rep. 384. Plaintiff contends that all conversations by a husband to a wife relating to treatment by a physician are confidential since there is a privilege attached to communications between a physician and his patient. Section 352, New York Civil Practice Act. The Court does not believe that this automatically follows.

■ The privilege attached to the physician-patient relationship belongs solely to the patient or his personal representatives, and this privilege may be waived by the patient or his representatives. Waiver of this privilege would not thereby waive the right to withhold any confidential communications made to the patient's spouse regarding treatment. The physician-patient and husband-wife privileges are therefore separate privileges and must be individually evaluated and applied. The fact that the cloak of privilege is thrown over conversations with one's doctor, lawyer or clergyman is of probative value, however, to show that these conversations are in the vast majority of cases of a highly confidential nature, and are usually disclosed only to one's spouse.

■ The Court believes that any conversations between the decedent and his wife relating to chest pains or his visits to a doctor are confidential communications induced by the marital relationship. Plaintiff need not answer those questions at this time; she has a privilege to remain silent, and has not waived this right.

Motion of defendant denied.