Wilbur M. Brucker, Clark, Klein, Brucker & Waples, Detroit, Mich., for plaintiffs.

Harvey A. Fischer, Fischer, Brown, Sprague, Franklin & Ford, Detroit, Mich., Frederick C. Nash, Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., for defendants.

**BERDON et al. v. McDUFF et al.**

No. 12350.

United States District Court
E. D. Michigan, S. D.

Sept. 23, 1953.

KOSCINSKI, District Judge.

This matter is before the court on two motions filed by plaintiff, one of which seeks production of certain documents by defendant McDuff and the other is for an order to compel answers to questions propounded to two witnesses on taking of depositions. Failure to produce the documents and answer the ques-

tions is based on a claimed privilege under a Michigan statute.

This action stems from an agreement between plaintiffs and defendant McDuff for the purchase by plaintiffs of the majority of issued and outstanding common stock of Grinnell Brothers, Inc., at $65 a share. At that time McDuff was the President, Director, and a stockholder of Grinnell Brothers, Inc. Upon the execution of a preliminary agreement plaintiffs deposited with the Manufacturers National Bank of Detroit, designated as Escrow Agent in the agreement and joined as party defendant in this suit, a check in the sum of $100,000 to apply on the purchase price of the stock upon consummation of the transaction. The agreement includes a number of representations and warranties by defendant McDuff, as seller, relative to the financial condition of the Company and other pertinent matters.

Plaintiffs allege in their complaint that audits of the Company's records prepared by their own accountants disclose several untrue, incorrect, and misleading statements and figures in records of the Company produced by defendant McDuff, on which said statements and records plaintiffs relied when they entered into the agreement; they further allege that certain of the representations and warranties were found to be untrue, incorrect, and misleading and that defendant McDuff violated and breached certain of the representations, warranties, covenants and conditions in the agreement.

In his answer defendant McDuff denies the material allegations of the complaint and charges plaintiffs with bad faith in failing to consummate the transaction by attempting to purchase Grinnell Company stock at a price lower than that provided by the agreement; this defendant also seeks an award of damages by reasons of plaintiffs' failure to consummate the agreement.

A motion to produce documents pursuant to Rule 34, one of the motions here under consideration, was filed by plaintiffs for production by defendant McDuff of the work sheets and preliminary auditing report of the accounting firm which were prepared in accordance with an audit of the books and records of the Company, as well as all correspondence covering transmittal wherein the said accounting firm instructed defendant, either individually or as President of the Company, to alter reserves, or in any way alter the general bookkeeping.

Under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A., plaintiffs also sought to take the depositions of Lunn Townsend and Donald Bevis, certified public accountants and partners in the accounting firm employed by the Company to audit its books. These witnesses appeared at the time scheduled for taking depositions but, on advice of their own independent counsel, refused to answer questions propounded to them relative to the working papers of the accountants, conversations and conferences with other persons relative thereto, and similar matters. They also refused to produce for inspection the work sheets and other papers relating to their audit, which they were requested to produce by a subpoena duces tecum, claiming privilege under Act 353, § 23 of the Public Acts of Michigan, 1925, as amended, M.S.A. 18.23, Comp. Laws 1948 Mich. § 338.523, which provides:

"Disclosure of professional information. Except by written permission of the client, or person, or firm, or corporation employing him, or the heirs, successors or personal representatives of such employer, a certified public accountant, or a public accountant, or a person employed by a certified public accountant or by a public accountant shall not be required to, and shall not voluntarily, disclose or divulge information of which he or she may have become possessed relative to and in connection with any examination of, audit of, or report on, any books, records,

or accounts which he or she may be employed to make. The information derived from or as the result of such professional service shall be deemed confidential and privileged: Provided, however, That nothing in this paragraph shall be taken or construed as modifying, changing or affecting the criminal or bankruptcy laws of this state or of the United States." C.L. '29, § 8659.

Plaintiffs invoked Rule 37(a) by filing a motion for an order compelling the witnesses to answer the questions propounded to them.

The issue raised upon the hearings of the two motions is whether a federal court, in a diversity of citizenship case, should recognize the privilege granted by the state statute.

In discovery proceedings under Rule 26 of the Federal Rules of Civil Procedure, a deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in a pending action unless he is otherwise ordered by the Court as provided by Rule 30(b) or (d).

Admission of evidence in civil suits filed in federal court is governed by Rule 43(a) of the Federal Rules of Civil Procedure which reads, in part:

" * * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

In arguing for overruling plaintiffs' motion defendant cites cases in support of his contention that federal courts rarely and reluctantly disturb state privilege statutes, unless there is some compelling reason or exceptional circumstance present. Plaintiffs, on the other hand, urge that Rule 43(a), which favors admissibility of evidence, permits resort to such of the three sources of law, stated in the Rule, as would admit the evidence they seek.

Two authorities on practice and procedure, The Cyclopedia of Federal Procedure and Moore's Federal Practice, though not otherwise in complete accord on the effect of Rule 43(a), concur in the view that state statutes govern in a situation such as is here presented. See 55 Harvard Law Review, 157.

The Cyclopedia of Federal Procedure, 2nd Edition, Vol. 7, Sec. 31.04, discusses application of the rule. On p. 28 of this volume it is stated;

"If Rule 43(a) is to be construed as permitting federal equity precedents to control as to admissibility, if more liberal than the state law, is the federal view to override merely state common law to the contrary, or can it override state codifications or statutes as well? The latter would seem to be a most anomalous situation and definitely contrary to the spirit of the Erie Railroad case. The fair interpretation of Rule 43 (a) would seem to be that, if there is a state statute, it should control though more restrictive than federal precedents or opinion, but that, if there is no state statute and the rule is doubtful as to the particular situation, more liberal federal precedents may be followed."

Moore's Federal Practice, 2nd Edition, Vol. 5, Sec. 43.07, p. 1332, expresses the following view in connection with its discussion of Rule 43(a):

"Privileged communications, like questions of competency, should present little difficulty. They are controlled principally by state stat-

utes, which under Rule 43(a) will clearly govern, if no federal statutes or rules of court contrary to the state statutes are enacted or promulgated, as the case may be, since the state statutes were followed under the federal equity practice * * *."

The documents and information which are the subject-matter of the two motions before the court fall within the category of the privileged matter protected by the state statute. It is confidential information under such statute, as between the accountants employed by the Grinnell Brothers, Inc., and that Company, represented by McDuff as one of its officers. Cases cited by plaintiffs in which the courts admitted evidence in federal courts, which would otherwise be deemed inadmissible under state privilege statutes, involved circumstances in which it would have been unconscionable to recognize the privilege. No such circumstances are disclosed by the pleadings now on file in this case.

Under the authorities here cited, the motions filed by plaintiffs for production of documents and to compel answers to questions on depositions are hereby denied.