Evelyn Platt MERLIN, Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

United States District Court
S. D. New York.
Jan. 20, 1960.

Weil, Gotshal & Manges, New York City, for plaintiff. Alan E. Bandler, New York City, of counsel.

William S. O'Connor, New York City, for defendant. Gerard J. McGowan, New York City, of counsel.

**FREDERICK van PELT BRYAN, District Judge.**

Plaintiff is the beneficiary of a policy insuring her deceased husband against accidental death. She sues to recover the proceeds of the policy, alleging that her husband's death was caused by accidental means. Defendant insurer merely denies that death was accidental and pleads no affirmative defenses. Jurisdiction is based on diversity of citizenship.

Defendant now moves, pursuant to Rule 37(a), F.R.Civ.P., 28 U.S.C.A., to compel plaintiff to answer questions posed to her on deposition concerning conversations she had with her deceased husband shortly before his death. Plaintiff has refused to answer such questions upon the ground that the conversations with her husband were privileged communications between husband and wife.

■ Rule 26(b), F.R.Civ.P., provides that, on a pre-trial deposition, the deponent may be examined on any relevant matter "not privileged". At least in diversity actions it would seem that the scope of the privilege is to be determined by state law. Palmer v. Fisher, 7 Cir., 228 F.2d 603, certiorari denied 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485; Baum v. Pennsylvania R. Co., D.C.E.D.N.Y., 14 F.R.D. 398; Berdon v. McDuff, D.C.Mich., 15 F.R.D. 29; cf. Garland v. Torre, 2 Cir., 259 F.2d 545, 550; Leonia Amusement Corp. v. Loew's, Inc.,

D.C.S.D.N.Y., 13 F.R.D. 438 (using state law of privilege in federal question case). See, also, 4 Moore, Federal Practice, § 26.23 [9].

Section 349 of the New York Civil Practice Act provides, in pertinent part:

"A husband or wife shall not be compelled, or without consent of the other if living, allowed to disclose a confidential communication made by one to the other during marriage."

■ Confidence and privacy are presumed to have been intended in conversations held between husband and wife. Unless the contrary is shown the privilege may be invoked by either party whether or not the relationship has been terminated by death or otherwise. Warner v. Press Pub. Co., 132 N.Y. 181, 30 N.E. 393; Salamon v. Indemnity Ins. Co. of North America, D.C.S.D.N.Y., 10 F.R.D. 232; 8 Wigmore on Evidence (3d ed.) § 2336. See, also, Poppe v. Poppe, 3 N.Y.2d 312, 165 N.Y.S.2d 99, 144 N.E.2d 72.

The federal rule is the same. See Wolfle v. United States, 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617; Blau v. United States, 340 U.S. 332, 71 S.Ct. 301, 95 L.Ed. 306.

The exceptions recognized in certain types of actions between husband and wife involving the marital relation where cruelty is in issue are sui generis and do not affect the general rule. Such exceptions arise from the necessity of avoiding injustice to an injured spouse by sealing his or her lips as to actual verbal acts of cruelty committed by the other in conversations between them. See Opinion of Froessel, J., expressing the majority view in Poppe v. Poppe, supra. See, also, Note: Confession of Adultery to a Spouse Held Not a Privileged Confidential Communication, 58 Col.L.Rev. 126 (1958).

The case at bar does not come within this or any of the other exceptions to the general rule, such as those applying to business communications between husband and wife where they are jointly engaged in business. See Parkhurst v.

92

Berdell, 110 N.Y. 386, 18 N.E. 123. Here the plaintiff wife is at liberty to assert the privilege unless it has been shown that the communication was not confidential.

 The two questions posed by the defendant here are as follows:

"Was there any conversation prior to his death about breaking up the family relationship"?

"Did you not tell him just prior to the time of his death to straighten himself out or leave the house"?

Assuming that no third party was present, it is plain that these conversations were privileged. Their subject matter concerns the very essence of the marital relationship and is an example of the free and uninhibited conversation between married persons which the law encourages and protects by granting privilege against disclosure. Since no showing has been made that a third party was present at the conversations or that they were not intended to be confidential, the objections to these questions are sustained.

For the guidance of the parties in the future conduct of the plaintiff's deposition, however, it may be said that some preliminary inquiry may be had as to conversations between husband and wife to determine whether the confidential relationship in fact existed. The wife may, of course, be questioned as to whether third parties were present at any conversation to be inquired about, and as to whether the conversation was held under circumstances where both parties could expect it to be overheard. 8 Wigmore on Evidence (3d ed.) § 2336. Moreover, there may be inquiries in general terms as to whether the conversation concerned matters of a personal nature or matters which were not confidential and privileged. Quite apart from the extent to which questions of the latter nature would be permitted on the trial, such questions are suitable on deposition to further the purposes of pretrial inquiry and discovery, and to enable the examining party to determine wheth-er such evidence is available at the trial or will be excluded because privileged. Such questions, however, must not deal with what was said during the course of the conversations.

In the absence of a showing that the conversations were not intended to be confidential, the wife is fully entitled to assert her privilege and may not be compelled to answer.

The defendant's motion is denied except to the limited extent indicated.

It is so ordered.