672

Boine T. Johnson, Respondent, v. Barbara C. Johnson, Appellant.—
In an action for divorce, defendant wife appeals from an interlocutory judgment of the Supreme Court, Westchester County, entered September 16, 1965 in favor of plaintiff husband, after a nonjury trial. Judgment affirmed, without costs. We are of the opinion that testimony of the husband, admitted and considered solely on the question of the custody of the children of the parties, was not incompetent under CPLR 4502 (subd. [a]), although such testimony was not confined to the particular excepted matters there enumerated and tended to show that defendant was guilty of adultery. Custody is a question which must be decided in an action for divorce (Domestic Relations Law, § 240), but it is an issue separate and distinct from that of adultery. " In disposing of the custody of children, courts are not so ' limited that they may not depart from strict adversary concepts' in certain respects " (*Kesseler* v. *Kesseler*, 10 N Y 2d 445, 452); and it has been stated that the " investigation for the purpose of determining the question of custody of children is not limited to evidence admissible in a divorce suit between their parents " (2 Nelson, Divorce & Annulment [2d ed., 1961 rev.], § 15.47). Since the husband's testimony was competent on the question of custody, it is our opinion that it was admissible on that issue, even though it was incompetent on the issue of adultery (cf. *Woodrick* v. *Woodrick*, 141 N. Y. 457, 462). If it be assumed that the testimony was inadmissible, it is our opinion that reversal would not be required, as defendant's adultery

was clearly established by other, concededly competent, proof (CPLR 2002; cf. *Gunsberg* v. *Gunsberg,* 202 App. Div. 757). We are also of the opinion that CPLR 4502 did not render inadmissible the testimony of the husband, insofar as it related to defendant's visits to a physician and to the execution of certain insurance claim forms by the physician. That testimony was also received solely on the question of custody and, for the reasons stated, was not incompetent under CPLR 4502, subd. (a). Nor, in our opinion, was it privileged under subdivision (b) of that section as disclosing a "confidential communication" made by one spouse to the other. Not all communications between husband and wife are confidential; the testimony concerned the execution by defendant's physician of certain forms to obtain partial reimbursement by plaintiff for payments to the physician, which forms were given to defendant by plaintiff and were submitted to the insurance company after they were completed by the physician at defendant's request; and the testimony concerned "ordinary conversations relating to matters of business" (*Parkhurst* v. *Berdell,* 110 N. Y. 386, 394) the admission of which was not in violation of the statute (cf. *Parkhurst* v. *Berdell, supra*; *Poppe* v. *Poppe,* 3 N Y 2d 312, 314–315). We are of the further opinion that defendant's physician was properly allowed to testify to visits to him by defendant, his execution of the insurance claim forms and his diagnosis of defendant's condition as there set forth. Unlike section 354 of the former Civil Practice Act (CPLR 4504, subd. [a]), in effect at the time of the trial, does not provide that the privilege may be waived only at the trial. The testimony established that defendant knew that the claim forms, executed by her physician at her request and containing a diagnosis of her condition, were to be submitted to an insurance company, and the "voluntary disclosure * * * destroy[ed] the statutory seal of secrecy" (*Apter* v. *Home Life Ins. Co.,* 266 N. Y. 333, 337; cf. *Davis* v. *Davis,* 1 A D 2d 675). In any event, we would not reverse even if the testimony concerning defendant's physical condition were inadmissible. That testimony was received on the question of custody of the children and was given little weight by the trial court in reaching the conclusion that custody should be given to the husband. Under the circumstances, if it be assumed that the testimony was erroneously admitted, the error may be disregarded as not prejudicing defendant's substantial rights (CPLR 2002). We agree with the trial court's findings that defendant did not establish her defense of condonation and that custody of the children should be awarded plaintiff; and we find no abuse of discretion by the trial court in fixing at $1,000 the additional counsel fee granted defendant. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.