### ATLANTIC RICHFIELD COMPANY, Plaintiff,

v.

### TRIAD PETROLEUM, INC. and Joseph V. Dimauro, Defendants.

### No. 86 Civ. 1939 (SWK).

United States District Court, S.D. New York.

Feb. 4, 1987.

Hughes Hubbard & Reed, New York City by Philip H. Curtis (Bruce R. Kelly, of counsel), for plaintiff.

Podvey, Sachs, Meanor & Catenacci, Newark, N.J. by Franklin M. Sachs, for defendants.

SHARON E. GRUBIN, United States Magistrate:

Plaintiff moves pursuant to Fed.R.Civ.P. 37 for an order compelling Wendy Ettelman to answer deposition questions concerning communications with and knowledge or awareness derived from her husband Gary Ettelman about certain business matters involving the defendants and relevant to the claims herein.[1] For the following reasons plaintiff's motion is hereby denied with leave to renew it upon an appropriate showing.

---

1. Ms. Ettelman was the controller of defendant Triad Petroleum, apparently having responsibility for financial matters for Triad and maintaining records with respect to certain bank accounts of defendant Joseph V. DiMauro. Mr. Ettelman, an attorney, apparently occupied various positions with Will Petroleum Incorporated, a company with which plaintiff conducted transactions arranged by Triad as broker. Plaintiff claims that Triad and/or DiMauro were the owners of Will and that Mr. Ettelman assisted DiMauro in the formation of Will, was responsible for the payment of millions of dollars by Will to Triad and DiMauro and acquired beneficial ownership of Will from DiMauro.

The issue here concerns the marital privilege and is governed by Section 4502(b) of the New York Civil Practice Law and Rules (McKinney 1963)[2] which provides: "A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage." While the defendants and Ms. Ettelman maintain that the information sought is protected from disclosure by this privilege, plaintiff argues that it is not because spousal communications concerning "ordinary business matters" do not come within the privilege.

■ As is clear from the statute, communications between spouses are privileged if they were confidential. It is well settled that not all communications between husband and wife are protected by the privilege but rather only those "which would not have been made but for the absolute confidence in, and induced by, the marital relationship." *People v. Melski,* 10 N.Y.2d 78, 80, 217 N.Y.S.2d 65, 67, 176 N.E.2d 81, 83, (1961). *See also Matter of Vanderbilt (Rosner-Hickey),* 57 N.Y.2d 66, 73, 453 N.Y.S.2d 662, 666, 439 N.E.2d 378, 381, (1982); *People v. Dudley,* 24 N.Y.2d 410, 413–14, 301 N.Y.S.2d 9, 11, 248 N.E.2d 860, 861, (1969); *Poppe v. Poppe,* 3 N.Y.2d 312, 315, 165 N.Y.S.2d 99, 101, 144 N.E.2d 72, 73, (1957). Thus, it was held long ago in New York that communications concerning "ordinary business matters," which would have been made even if a third party were present, are not protected. *Parkhurst v. Berdell,* 110 N.Y. 386, 393–94, 18 N.E. 123, 126–27 (1888). *See also G–Fours, Inc. v. Miele,* 496 F.2d 809 (2d Cir. 1974); *Johnson v. Johnson,* 25 A.D.2d 672, 673, 268 N.Y.S.2d 403, 406 (2d Dep't 1966). However, the statute, having evolved from the absolute privilege at common law, creates a presumption that a spousal communication is privileged, and the party seeking disclosure of the communication must rebut that presumption. *Merlin v. Aetna*

*Life Insurance Co.,* 180 F.Supp. 90, 91 (S.D.N.Y.1960) ("Confidence and privacy are presumed to have been intended in conversations held between husband and wife. Unless the contrary is shown the privilege may be invoked...."); *People v. Fediuk,* 66 N.Y.2d 881, 883, 498 N.Y.S.2d 763, 765, 489 N.E.2d 732, 734, (1985) ("Communication between spouses 'is presumed to have been conducted under the mantle of confidentiality'," (quoting *People v. Fields,* 38 A.D.2d 231, 233, 328 N.Y.S.2d 542, 544 (1st Dep't), *aff'd,* 31 N.Y.2d 713, 337 N.Y.S.2d 517, 289 N.E.2d 557 (1972))); *People v. Allman,* 59 Misc.2d 209, 211–12, 298 N.Y.S.2d 363, 366 (Kings Co.Sup.Ct. 1969) ("... confidentiality of a husband-wife communication is to be presumed unless such presumption is rebutted by 'the character of the communication' itself," (quoting *Poppe v. Poppe,* 3 N.Y.2d at 315, 165 N.Y.S.2d at 102)).

■ Plaintiff on this motion has failed to make any showing to rebut that presumption. Plaintiff simply asserts conclusorily that Ms. Ettelman's conversations with her husband about the business affairs of the defendants are "plainly not privileged." Each party to this motion has taken the most extreme position possible, plaintiff arguing that no conversation between the Ettelmans about business is privileged and defendants arguing that all conversations are, and I suspect both positions are incorrect. The truth probably lies somewhere in the middle. The mere fact that a conversation concerned business matters does not mean that it was necessarily nonconfidential. Given the circumstances of the Ettelmans' employment, common sense would seem to indicate that some conversations about business matters were not confidential because, for example, they truly were ordinary business conversations not induced by the marital relationship and would have been held or were held in the presence of third parties, while other conversations about business matters were

---

**2.** Pursuant to Rule 501 of the Federal Rules of Evidence, this issue of privilege is to be determined according to state law. It is undisputed that New York is the state whose law should be applied in the circumstances of this case.

only had because of the husband-wife relationship. The burden, however, is on plaintiff to rebut the presumption of confidentiality. Plaintiff has not only failed to present any evidence of the circumstances of the conversations which might show the lack of confidentiality but also failed even to submit the deposition questions to which the motion seeks to compel answers. If inquiry concerning the circumstances of the communications was not made at Ms. Ettelman's deposition, plaintiff should make it at a further deposition before this motion is renewed. Thus, Ms. Ettelman may be asked questions to elicit nonprivileged information on the issue of whether the confidential relationship existed, such as whether any of the conversations were had in the presence of third parties and whether they were intended as confidential or simply as ordinary business conversations. *See Merlin v. Aetna Life Insurance Co.*, 180 F.Supp. at 92.[3] Absent any showing that any of the communications was not made in the confidentiality of the marital relationship, plaintiff's motion must be denied.

SO ORDERED.

---

**3.** Although plaintiff asserts that Mr. Ettelman has testified about the matters at issue, this assertion, again, is only made in the most general and conclusory manner. Without knowing precisely what Mr. Ettelman testified to, as well as what information is sought from Ms. Ettelman, it is impossible to make any finding of nonconfidentiality or waiver by relating his testimony to that sought from her.