**ATLANTIC RICHFIELD COMPANY, Plaintiff,**

v.

**TRIAD PETROLEUM, INC., and Joseph V. DiMauro, Defendants.**

**No. 86 Civ. 1939 (SWK).**

United States District Court, S.D. New York.

May 13, 1988.

Hughes Hubbard & Reed by Philip H. Curtis, Bruce R. Kelly, New York City, for plaintiff.

Podvey, Sachs, Meanor & Catenacci by Franklin M. Sachs, Newark, N.J., for defendants.

**MEMORANDUM OPINION AND ORDER**

KRAM, District Judge.

Presently before this Court are plaintiff's objections to a portion of a pre-trial discovery order issued by Magistrate Grubin on September 3, 1987. Specifically, plaintiff objects to that portion of the Magistrate's order which denies, in all respects, plaintiff's requests for further depositions of Wendy Ettelman and Gary Ettelman.

---

As part of its First Claim for Relief in this case, Atlantic Richfield Company ("ARCO") claims that defendant Triad Petroleum, Inc. ("Triad") and/or defendant Joe DiMauro ("DiMauro") were the owners of Will Petroleum, a petroleum trading company with whom ARCO conducted business. Triad and/or DiMauro, as brokers, allegedly arranged various transactions between plaintiff and Will Petroleum. First Amended Complaint at Paras. 7–18. Wendy Ettelman is the comptroller of Triad. Her husband, Gary Ettelman, is an attorney practicing in the State of New York who occupied various positions with Will Petroleum.

ARCO commenced Wendy Ettelman's deposition on December 4, 1986. At her deposition she refused to answer a number of questions concerning her communications with Gary Ettelman on the asserted ground of marital privilege. Plaintiff moved to compel further answers. In an Opinion and Order dated February 4, 1987, *Atlantic Richfield v. Triad Petroleum, Inc.*, 113 F.R.D. 686 (S.D.N.Y. 1987), Magistrate Grubin ruled that plaintiff had failed to present sufficient evidence demonstrating that the communications between the Ettelman's were non-confidential business communications not subject to the marital privilege. The Magistrate denied the motion without prejudice to a renewal upon an appropriate showing. *Id.* at 687.

On March 4–5, 1987, ARCO took the deposition of Gary Ettelman. He also asserted the marital privilege as to all communications that he may have had with Wendy Ettelman about the business affairs of Triad and DiMauro. ARCO subsequently submitted a motion to compel discovery to Magistrate Grubin. In her Order dated September 3, 1987, ("the Order") the Magistrate denied in all respects ARCO's motion to compel further testimony by the Ettelmans. Order at Para. 3. This paragraph is the basis for plaintiff's present objections.

DISCUSSION

This Court may only modify or set aside the Order if it finds the Magistrate's conclusion to be "clearly erroneous or contrary to the law". 28 U.S.C. § 636 (b)(1)(A). In interpreting Section 636 courts of this Circuit have held that "in resolving discovery disputes, the Magistrate is afforded broad discretion which will be overruled only if abused". *See, e.g., Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

Although the Magistrate does not specify a legal basis for denying plaintiff's request for further depositions of the Ettelmans, plaintiff contends that to the extent that it is based on the validity of the Ettelman's assertions of the marital privilege, as reflected in the Magistrate's prior order of February 4, 1987, it is clearly erroneous and that plaintiff should be allowed to re-examine Wendy and Gary Ettelman concerning conversations as to which they assert the marital privilege.

Privileges are governed by Rule 501 of the Federal Rules of Evidence which provides: "Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law". State law therefore determines whether a matter is privileged when it is relevant to a state law claim or defense being raised before a federal court, which is the case in this diversity action.

The marital privilege is recognized in New York Civil Practice Law and Rules § 4502(b), which provides: "A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage". Plaintiff's objection to the Magistrate's order,

therefore, raises the following issues: (1) the extent to which business communications are excepted, if at all, from the privilege otherwise afforded to communications between spouses, and (2) the extent to which the material sought by plaintiff constitutes business communications.

In her February 4, 1987, Order, the Magistrate stated that communications concerning "ordinary business matters" which would have been made even if a third party were present are not protected. The Magistrate found that in the context of communications between husband and wife only communications "which would not have been made but for the absolute confidence in, and induced by, the marital relationship" are privileged. 113 F.R.D. at 687. (citing *People v. Melski*, 10 N.Y.2d 78, 80, 217 N.Y.S.2d 65, 67, 176 N.E.2d 81, 83 (1961)). The Magistrate also noted, however, that the statute creates a presumption that a spousal communication is privileged, and the party seeking disclosure of the communication must rebut that presumption. *Id.* (citing *Merlin v. Aetna Life Insurance Co.*, 180 F.Supp. 90, 91 (S.D.N.Y. 1960)). The Magistrate concluded that plaintiff had failed to make any showing to rebut that presumption. The Magistrate specifically stated that plaintiff may ask Ms. Ettelman questions to elicit non-privleged information on the issue of whether the confidential relationship existed, such as whether any of the conversations took place in the presence of third parties and whether they were intended as confidential communications. The Magistrate apparently concluded that plaintiff had not rebutted the presumption in its subsequent Motion to Compel, which was the subject of the Order which is the subject of the present objection. In support of its present objection plaintiff has submitted the same factual evidence that was before the Magistrate on the original motion.

Plaintiff argues that the Magistrate's determination that Ms. Ettelman should not be compelled to testify due to the marital privilege is erroneous because where business matters are concerned the presumption of confidentiality, ordinarily applicable to spousal communications, and upon which the Magistrate apparently based her decision, does not apply.

This Court disagrees. While the status of New York law regarding the scope of the marital privilege as it relates to business communication between spouses is not entirely settled, *see G–Fours, Inc. v. Miele*, 496 F.2d 809, 813 (2d Cir.1974) ("We realize that divining what the New York courts would do with the problem before us is a little like reading tea leaves"), in this Circuit the question of whether the marital privilege will be triggered in the context of a business communication revolves around the issue of confidentiality.

In *G–Fours* the Second Circuit found that where a wife had been questioned about the whereabouts of her husband's assets in an effort by the judgment creditor to collect outstanding funds, she was not protected from answering by the marital privilege because the "questions posed to [the wife] dealt with business matters that either were not confidential, or, if deliberate efforts were made to conceal them to prevent execution of judgment, were not privileged even if the parties intended them to be confidential". 496 F.2d at 813 (holding that the marital privilege in New York is not available to refuse disclosure of communications designed to perpetrate frauds on third parties).

This Court agrees with the Magistrate to the extent she holds that the question of whether the marital privilege is triggered revolves around confidentiality; whether or not the communication is of a business nature confidentiality is presumed and must be rebutted. *See, e.g., G–Fours, supra; People v. Fediuk*, 66 N.Y.2d 881, 883, 498 N.Y.S.2d 763, 765, 489 N.E.2d 732, 734 (1985). The Magistrate has afforded plaintiff ample opportunity to rebut this presumptioon in this case, and plaintiff has either been unwilling or unable to do so.

Plaintiff's request to overturn the Magistrate's Order is thus denied.

So Ordered.